1  Robert E. Gooding, Jr. (SBN 50617)
   (goodingr@howrey.com)
2  Roman E. Darmer (SBN 212578)
   (darmerr@howrey.com)
3  Todd W. Smith (SBN 223423)
   (smithtodd@howrey.com)
4  HOWREY LLP
   4 Park Plaza, Suite 1700
5  Irvine, CA  92614
   Telephone:  (949) 721-6900
6  Facsimile:  (949) 721-6910

7  Bart H. Williams (SBN 134009)
   (bart.williams@mto.com)
8  Jacob S. Kreilkamp (SBN 248210)
   (jacob.kreilkamp@mto.com)
9  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
10 Los Angeles, CA  90071
   Telephone:  (213) 683-9100
11 Facsimile:  (213) 687-3702

12 Attorneys for Defendant
   JOHN D. POE

13

14           UNITED STATES DISTRICT COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16                  WESTERN DIVISION

17 IN RE: SEMTECH CORPORATION          ) Master Case No. CA 2:07-CV-07114-
   SECURITIES LITIGATION               ) CAS (FMOx)
18                                     )
                                       )
19                                     ) CLASS ACTION
                                       )
20 This Document Relates To:           ) DEFENDANT JOHN D. POE'S
                                       ) ANSWER TO CONSOLIDATED
21 ALL ACTIONS                         ) AMENDED CLASS ACTION
                                       ) COMPLAINT
22                                     )
                                       ) Courtroom:  5
23                                     ) Judge:  Hon. Christina A. Snyder
                                       )
24                                     ) Complaint Filed:    May 30, 2008
                                       )
25 _____     )

26

27

28

HOWREY LLP

1    Defendant John D. Poe ("Poe"), through his attorneys, answers the Consolidated

2    Amended Class Action Complaint ("CAC") of Plaintiff Mississippi Public Employees'

3    Retirement System ("Lead Plaintiff" or "Plaintiff").  To the extent not specifically

4    admitted, each and every allegation in the CAC is denied.  Section titles matching those

5    in the CAC are included for reference only, and do not constitute an admission.

6        1.    Answering Paragraph 1, Poe admits that Lead Plaintiff Mississippi Public

7    Employees' Retirement System has been appointed lead plaintiff in this action.  Poe

8    lacks knowledge or information sufficient to form a belief about the truth of the

9    remaining allegations in Paragraph 1 and, on that basis, denies them.

10        2.    Answering Paragraph 2, Poe lacks sufficient information on which to form

11    a belief as to the truth of the allegations in Paragraph 2, and on that basis denies them.

12                          **NATURE OF THE ACTION**

13        3.    Answering Paragraph 3, Poe admits that that Lead Plaintiff purports to

14    bring this action for alleged violations of the federal securities laws on behalf of a

15    putative class of persons and entities who purchased or otherwise acquired securities of

16    Semtech Corporation ("Semtech" or the "Company") during the period between August

17    27, 2002 and July 19, 2006 (the "Putative Class Period").  Except as expressly admitted

18    herein, Poe denies all of the allegations in Paragraph 3.

19        4.    Answering Paragraph 4, Poe denies the existence of a fraudulent scheme

20    orchestrated by Semtech's senior officers and further denies that it was a regular

21    practice at Semtech for stock option grants to be backdated.  Paragraph 4 also contains

22    legal conclusions, to which no response is required.  To the extent a response is

23    required, Poe lacks knowledge or information sufficient to form a belief about the truth

24    of the remaining allegations in Paragraph 4 and, on that basis, denies them.

25        5.    Paragraph 5 contains legal conclusions, to which no response is required.

26    To the extent a response is required to any portion of Paragraph 5, and the allegations

27    are directed at Poe, Poe denies the allegations in Paragraph 5.

28

HOWREY LLP

-1-    Master Case No.  CA 2:07-CV-07114-CAS (FMOx)
DEF. POE'S ANSWER TO CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT

DM_US:21717766_4

6.      Answering Paragraph 6, Poe denies that he received millions of dollars of backdated stock options and further denies that he engaged in undisclosed, fraudulent acts.  Paragraph 6 also contains legal conclusions, to which no response is required. Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 and, on that basis, denies them.

7.      Answering Paragraph 7, Poe admits that, on or about May 16, 2006, the Center for Financial Research and Analysis ("CFRA") published a research report on stock option backdating, which report speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe is informed and believes that there was an SEC investigation, as well as an investigation by the grand jury for the Southern District of New York, into Semtech's historical stock option granting practices.  Poe denies that that there was any "admission" that he intentionally backdated stock options or that he was forced to depart from Semtech.  Paragraph 7 also contains legal conclusions, to which no response is required.  Except as expressly admitted herein, Poe denies the allegations in Paragraph 7.

8.      Answering Paragraph 8, Poe avers that Semtech's stock price is a matter of public record, and Poe respectfully refers the Court to available public sources for Semtech's stock price.  Paragraph 8 also contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 and, on that basis, denies them.

9.      Answering Paragraph 9, Poe avers that Semtech's stock price is a matter of public record, and Poe respectfully refers the Court to available public sources for Semtech's stock price.  Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and, on that basis, denies them.

10.     Answering Paragraph 10, Poe admits that Semtech issued a press release on or about July 20, 2006, and that the press release speaks for itself.  Poe denies Plaintiff's

attempts to characterize the press release.  Poe further avers that Semtech's stock price is a matter of public record, and Poe respectfully refers the Court to available public sources for Semtech's stock price.  Paragraph 10 also contains legal conclusions to which no response is required.  To the extent a response is required, and except as expressly admitted herein, Poe denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.    Answering Paragraph 11, Poe admits that Plaintiff purports to allege claims arising under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 USC § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 CFR § 240.10b-5. Except as expressly admitted herein, Poe denies the allegations of Paragraph 11.

12.    Answering Paragraph 12, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required to any portion of Paragraph 12, Poe denies the allegations in Paragraph 12.

13.    Answering Paragraph 13, Poe admits that the Company maintained its headquarters in this district throughout the Putative Class Period.  Poe further avers that Paragraph 13 contains legal conclusions to which no response is required.  Except as expressly admitted herein, Poe denies the allegations in Paragraph 13.

14.    Answering Paragraph 14, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required to any portion of Paragraph 14, Poe denies the allegations in Paragraph 14.

## PARTIES

15.    Answering Paragraph 15, Poe avers that, to the extent the allegations in Paragraph 15 refer to statements in a certification filed with this Court, that publicly filed certification is the best evidence of its contents.  Poe further avers that the allegations of Paragraph 15 do not relate to Poe, and therefore no response is required. To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, on that basis, denies them.

**Defendant Semtech**

16.     Answering Paragraph 16, Poe avers that the allegations of Paragraph 16 do not relate to Poe, and therefore no response is required.  To the extent a response is required, Poe admits that Semtech is a Delaware corporation with its headquarters at 200 Flynn Road, Camarillo, California, 93012-8790 and that Semtech's stock is publicly traded on NASDAQ under the ticker symbol "SMTC."  Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 and, on that basis, denies them.

**Individual Defendants**

17.     Answering Paragraph 17, Poe admits that he became Chairman of Semtech's Board of Directors ("Board") in 1998.  Poe further admits that he served as Chief Executive Officer ("CEO") of Semtech from approximately October 1985 to October 2003.  Poe further admits that, at the request of the Board, he served as interim CEO from approximately September 2005 to April 2006.  Poe further admits that he also served as Chairman of the Board from 1998 until August 2006, when he took a voluntary leave of absence from his directorship.  Poe further admits that he voluntarily resigned his directorship in April 2006.  Poe further admits that, while acting as the Company's CEO and Chairman of the Board, he signed certain of the Company's public filings and certain certifications contained therein, some of which were filed during the Putative Class Period.   Poe further admits that he sold shares of Semtech stock during the Putative Class Period.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 17.

18.     Answering Paragraph 18, Poe avers that the allegations of Paragraph 18 do not relate to Poe, and therefore no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     Answering Paragraph 19, Poe avers that the allegations of Paragraph 19 do not relate to Poe, and therefore no response is required.  To the extent a response is

1   required, Poe lacks knowledge or information sufficient to form a belief about the truth
2   of the allegations in Paragraph 19 and, on that basis, denies them.

3       20.     Answering Paragraph 20, Poe avers that the allegations of Paragraph 20 do
4   not relate to Poe, and therefore no response is required.  To the extent a response is
5   required, Poe lacks knowledge or information sufficient to form a belief about the truth
6   of the allegations in Paragraph 20 and, on that basis, denies them.

7       21.     Answering Paragraph 21, Poe avers that the allegations of Paragraph 21 do
8   not relate to Poe, and therefore no response is required.  To the extent a response is
9   required, Poe lacks knowledge or information sufficient to form a belief about the truth
10  of the allegations in Paragraph 21 and, on that basis, denies them.

11      22.     Answering Paragraph 22, Poe avers that it contains legal conclusions to
12  which no response is required.  To the extent a response is required to any portion of
13  Paragraph 22, Poe denies the allegations in Paragraph 22.

14      23.     Answering Paragraph 23, Poe avers that it contains legal conclusions to
15  which no response is required.  To the extent a response is required to any portion of
16  Paragraph 23, Poe denies the allegations in Paragraph 23.

17      24.     Answering Paragraph 24, Poe avers that it contains legal conclusions to
18  which no response is required.  To the extent a response is required to any portion of
19  Paragraph 24, Poe denies the allegations in Paragraph 24.

20      25.     Answering Paragraph 25, Poe avers that it contains legal conclusions to
21  which no response is required.  To the extent a response is required to any portion of
22  Paragraph 25, Poe denies the allegations in Paragraph 25.

23              **CLASS ACTION ALLEGATIONS**

24      26.     Answering Paragraph 26, Poe admits that Plaintiff purports to bring this
25  action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on
26  behalf of a class consisting of all persons and entities who purchased or otherwise
27  acquired Semtech securities during the Putative Class Period.  Poe further avers that
28  Paragraph 26 contains legal conclusions to which no response is required.  To the extent

1    a response is required, Poe lacks knowledge or information sufficient to form a belief
2    about the truth of the remaining allegations in Paragraph 26 and, on that basis, denies
3    them.

4         27.    Answering Paragraph 27, Poe avers that it contains legal conclusions to
5    which no response is required.  To the extent a response is required to any portion of
6    Paragraph 27, Poe denies the allegations in Paragraph 27.

7         28.    Answering Paragraph 28, Poe avers that it contains legal conclusions to
8    which no response is required.  To the extent a response is required to any portion of
9    Paragraph 28, Poe denies the allegations in Paragraph 28.

10        29.    Answering Paragraph 29, Poe avers that it contains legal conclusions to
11   which no response is required.  To the extent a response is required to any portion of
12   Paragraph 29, Poe denies the allegations in Paragraph 29.

13        30.    Answering Paragraph 30, Poe avers that it contains legal conclusions to
14   which no response is required.  To the extent a response is required to any portion of
15   Paragraph 30, Poe denies the allegations in Paragraph 30.

16        31.    Answering Paragraph 31, Poe avers that it contains legal conclusions to
17   which no response is required.  To the extent a response is required to any portion of
18   Paragraph 31, Poe denies the allegations in Paragraph 31.

19                          **SUBSTANTIVE ALLEGATIONS**
20   **How Stock Options Work**

21        32.    Answering Paragraph 32, Poe avers that it contains legal conclusions to
22   which no response is required.  To the extent a response is required to any portion of
23   Paragraph 32, Poe denies the allegations in Paragraph 32.

24        33.    Answering Paragraph 33, Poe avers that it contains legal conclusions to
25   which no response is required.  To the extent a response is required to any portion of
26   Paragraph 33, Poe denies the allegations in Paragraph 33.

27

28

34.     Answering Paragraph 34, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required to any portion of Paragraph 34, Poe denies the allegations in Paragraph 34.

**Semtech's Stock Option Plans**

35.     Answering Paragraph 35, Poe avers that it contains legal conclusions to which no response is required.  Poe admits that the 1994 Long Term Stock Incentive Plan (the "1994 Plan"), the 1994 Non-Employee Directors Stock Option Plan, and the 1998 Long Term Stock Incentive Plan (the "1998 Plan") were among the stock option plans in place at Semtech at various times since 1994.  Poe further avers that to the extent the allegations in Paragraph 35, including footnote 2, refer to statements contained in those stock options plans, those stock option plans speak for themselves and Poe denies Plaintiff's attempts to characterize their terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 35.

36.     Answering Paragraph 36, Poe avers that the 1998 Plan speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Otherwise, Poe denies the allegations in Paragraph 36.

37.     Answering Paragraph 37, Poe avers that the 1998 Plan and the 1994 Plan speak for themselves and Poe denies Plaintiff's attempts to characterize their terms. Otherwise, Poe denies the allegations in Paragraph 37.

38.     Answering Paragraph 38, Poe avers that the 1998 Plan speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Otherwise, Poe denies the allegations in Paragraph 38.

39.     Answering Paragraph 39, Poe avers that Semtech's stock option plans speak for themselves and Poe denies Plaintiff's attempts to characterize their terms. Otherwise, Poe denies the allegations in Paragraph 39.

40.     Answering Paragraph 40, Poe admits that he received stock options from Semtech, that such stock options typically were evidenced by stock option agreements, and that such agreements speak for themselves and Poe denies Plaintiff's attempts to

1  characterize their terms.  Except as expressly admitted herein, Poe denies the allegations
2  in Paragraph 40.

3  **APB 25:  Accounting for Stock Options Issued to Employees**

4      41.    Answering Paragraph 41, Poe avers that it contains legal conclusions to
5  which no response is required.  Poe further avers that the allegations of Paragraph 41 do
6  not relate to Poe, and therefore no response is required.
7  To the extent a response is required to any portion of Paragraph 41, Poe lacks
8  knowledge or information sufficient to form a belief about the truth of the allegations in
9  Paragraph 41 and, on that basis, denies them.

10      42.    Answering Paragraph 42, Poe avers that it contains legal conclusions to
11  which no response is required.  Poe further avers that Accounting Principles Board
12  Opinion No. 25 ("APB 25") speaks for itself and Poe denies Plaintiff's attempts to
13  characterize its terms.  Poe further avers that the allegations of Paragraph 42 do not
14  relate to Poe, and therefore no response is required.  To the extent a response is required
15  to any portion of Paragraph 42, Poe lacks knowledge or information sufficient to form a
16  belief about the truth of the allegations in Paragraph 42 and, on that basis, denies them.

17      43.    Answering Paragraph 43, Poe avers that it contains legal conclusions to
18  which no response is required.  Poe further avers that the allegations of Paragraph 43 do
19  not relate to Poe, and therefore no response is required.
20  To the extent a response is required to any portion of Paragraph 43, Poe lacks
21  knowledge or information sufficient to form a belief about the truth of the allegations of
22  Paragraph 43 and, on that basis, denies them.

23      44.    Answering Paragraph 44, Poe avers that it contains legal conclusions to
24  which no response is required.  Poe further avers that the allegations of Paragraph 44 do
25  not relate to Poe, and therefore no response is required.
26  To the extent a response is required to any portion of Paragraph 44, lacks knowledge or
27  information sufficient to form a belief about the truth of the allegations of Paragraph 44
28  and, on that basis, denies them.

45.     Answering Paragraph 45, Poe avers that it contains legal conclusions to which no response is required.  Poe further avers that the allegations of Paragraph 45 do not relate to Poe, and therefore no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     Answering Paragraph 46, Poe avers that it contains legal conclusions to which no response is required.  Poe further avers that APB 25 speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further avers that the allegations of Paragraph 46 do not relate to Poe, and therefore no response is required. To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     Answering Paragraph 47, Poe avers that it contains legal conclusions to which no response is required.  Poe further avers that APB 25 speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further avers that the allegations of Paragraph 47 do not relate to Poe, and therefore no response is required. To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and, on that basis, denies them.

**The Backdating Epidemic of 2006**

48.     Answering Paragraph 48, Poe avers that it contains legal conclusions to which no response is required.  Poe further avers that the allegations of Paragraph 48 do not relate to Poe, and therefore no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     Answering Paragraph 49, Poe admits that on or about May 6, 2006, the Wall Street Journal ran a story by reporters Charles Forelle and James Bandler, which story speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.

Except as expressly admitted herein, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     Answering Paragraph 50, Poe admits that on or about May 6, 2006, the Wall Street Journal ran a story by reporters Charles Forelle and James Bandler, which story speaks for itself and Poe denies Plaintiff's attempts to characterize its terms. Except as expressly admitted herein, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     Answering Paragraph 51, Poe admits that on or about May 6, 2006, the Wall Street Journal ran a story by reporters Charles Forelle and James Bandler, which story speaks for itself and Poe denies Plaintiff's attempts to characterize its terms. Except as expressly admitted herein, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.     Answering Paragraph 52, Poe admits that on or about May 6, 2006, the Wall Street Journal ran a story by reporters Charles Forelle and James Bandler, which story speaks for itself and Poe denies Plaintiff's attempts to characterize its terms. Except as expressly admitted herein, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     Answering Paragraph 53, Poe is informed and believes that SEC Chairman Christopher Cox gave testimony before the U.S. Committee on Banking, Housing, and Urban Affairs on or about September 6, 2006, which testimony speaks for itself, and Poe denies Plaintiff's attempts to characterize the testimony.  Except as expressly admitted herein, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     Answering Paragraph 54 Poe avers that the allegations of Paragraph 54 do not relate to Poe, and therefore no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 and, on that basis, denies them.

55.     Answering Paragraph 55, Poe denies the allegations in Paragraph 55.

**DEFENDANTS' MATERIALLY FALSE AND**

**MISLEADING STATEMENTS**

**The August 27, 2002 Press Release and**

**Form 10-Q for the Quarter Ending July 28, 2002**

56.     Answering Paragraph 56, Poe admits that the Putative Class Period purports to begin on August 27, 2002.  Poe further admits that Semtech filed a Form 8-K with the SEC on August 27, 2002, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on September 11, 2002, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 56.

57.     Answering Paragraph 57, Poe admits that Semtech filed a Form 10-Q with the SEC on September 11, 2002, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 57.

58.     Answering Paragraph 58, Poe admits that Semtech filed a Form 10-Q with the SEC on September 11, 2002, that Poe signed the Form 10-Q, and that the Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 58.

59.     Answering Paragraph 59, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 59.

**The November 25, 2002 Press Release and The**

**Form 10-Q for the Quarter Ending October 27, 2002**

60.     Answering Paragraph 60, Poe admits that Semtech filed a Form 8-K with the SEC on or about November 25, 2002, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on December 11, 2002, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 60.

61.     Answering Paragraph 61, Poe admits that Semtech filed a Form 10-Q with the SEC on December 11, 2002, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 61.

62.     Answering Paragraph 62, Poe admits that Semtech filed a Form 10-Q with the SEC on December 11, 2002, that Poe signed the Form 10-Q, and that the Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 62.

63.     Answering Paragraph 63, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 63.

**The 2002 Form 10-K**

64.     Answering Paragraph 64, Poe admits that Semtech filed a Form 10-K with the SEC on April 24, 2003, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 64.

65.     Answering Paragraph 65, Poe admits that Semtech filed a Form 10-K with the SEC on April 24, 2003, that Poe signed the Form 10-K, and that the Form 10-K

speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.   Except as expressly admitted herein, Poe denies the allegations of Paragraph 65.

66.   Answering Paragraph 66, Poe admits that Semtech filed a Form 10-K with the SEC on April 24, 2003, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 66.

67.   Answering Paragraph 67, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 67.

68.   Answering Paragraph 68, Poe admits that Semtech filed a Form 10-K with the SEC on April 24, 2003, that Poe signed a certification in connection with the Form 10-K, and that the Form 10-K and Poe's certification speak for themselves and Poe denies Plaintiff's attempts to characterize their terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 68.

**The May 27, 2003 Press Release and The**

**Form 10-Q for the Quarter Ending April 27, 2003**

69.   Answering Paragraph 69, Poe admits that Semtech filed a Form 8-K with the SEC on May 27, 2003, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on June 11, 2003, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 69.

70.   Answering Paragraph 70, Poe admits that Semtech filed a Form 10-Q with the SEC on June 11, 2003, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 70.

1      71.    Answering Paragraph 71, Poe admits that Semtech filed a Form 10-Q with

2  the SEC on June 11, 2003, that Poe signed the Form 10-Q, and that the Form 10-Q

3  speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as

4  expressly admitted herein, Poe denies the allegations of Paragraph 71.

5      72.    Answering Paragraph 72, Poe admits that Semtech filed a Form 10-K/A

6  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

7  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

8  denies the allegations of Paragraph 72.

9  **The August 26, 2003 Press Release and The**

10  **Form 10-Q for the Quarter Ending July 27, 2003**

11      73.    Answering Paragraph 73, Poe admits that Semtech filed a Form 8-K with

12  the SEC on August 26, 2003, which Form 8-K speaks for itself and Poe denies

13  Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a

14  Form 10-Q with the SEC on September 10, 2003, which Form 10-Q speaks for itself

15  and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly

16  admitted herein, Poe denies the allegations of Paragraph 73.

17      74.    Answering Paragraph 74, Poe admits that Semtech filed a Form 10-Q with

18  the SEC on September 10, 2003, which Form 10-Q speaks for itself and Poe denies

19  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

20  denies the allegations of Paragraph 74.

21      75.    Answering Paragraph 75, Poe admits that Semtech filed a Form 10-Q with

22  the SEC on September 10, 2003, that Poe signed the Form 10-Q, and that the Form 10-

23  Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except

24  as expressly admitted herein, Poe denies the allegations of Paragraph 75.

25      76.    Answering Paragraph 76, Poe admits that Semtech filed a Form 10-K/A

26  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

27  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

28  denies the allegations of Paragraph 76.

77.     Answering Paragraph 77, Poe admits that Semtech filed a Form 10-Q with the SEC on September 10, 2003, that Poe signed a certification in connection with the Form 10-Q, and that the Form 10-Q and Poe's certification speak for themselves and Poe denies Plaintiff's attempts to characterize their terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 77.

**The November 24, 2003 Press Release and The**

**Form 10-Q for the Quarter Ending October 26, 2003**

78.     Answering Paragraph 78, Poe admits that Semtech filed a Form 8-K with the SEC on November 24, 2003, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on or about December 10, 2003, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 78.

79.     Answering Paragraph 79, Poe admits Semtech filed a Form 10-Q with the SEC on or about December 10, 2003, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 79.

80.     Answering Paragraph 80, Poe admits Semtech filed a Form 10-Q with the SEC on or about December 10, 2003, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 80.

81.     Answering Paragraph 81, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 81.

82.     Answering Paragraph 82, Poe admits Semtech filed a Form 10-Q with the SEC on or about December 10, 2003, which Form 10-Q speaks for itself and Poe denies

1  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

2  denies the allegations of Paragraph 82.

3  **The 2003 Form 10-K**

4       83.     Answering Paragraph 83, Poe admits that Semtech filed a Form 10-K with

5  the SEC on April 9, 2004, which Form 10-K speaks for itself and Poe denies Plaintiff's

6  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

7  allegations of Paragraph 83.

8       84.     Answering Paragraph 84, Poe admits that Semtech filed a Form 10-K with

9  the SEC on April 9, 2004, which Form 10-K speaks for itself and Poe denies Plaintiff's

10  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

11  allegations of Paragraph 84.

12       85.     Answering Paragraph 85, Poe admits that Semtech filed a Form 10-K with

13  the SEC on April 9, 2004, which Form 10-K speaks for itself and Poe denies Plaintiff's

14  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

15  allegations of Paragraph 85.

16       86.     Answering Paragraph 86, Poe admits that Semtech filed a Form 10-K/A

17  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

18  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

19  denies the allegations of Paragraph 86.

20       87.     Answering Paragraph 87, Poe admits that Semtech filed a Form 10-K with

21  the SEC on April 9, 2004, which Form 10-K speaks for itself and Poe denies Plaintiff's

22  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

23  allegations of Paragraph 87.

24  **The May 25, 2004 Press Release and the**

25  **Form 10-Q for the Quarter Ending April 25, 2004**

26       88.     Answering Paragraph 88, Poe admits that Semtech filed a Form 8-K with

27  the SEC on May 25, 2004, which Form 8-K speaks for itself and Poe denies Plaintiff's

28  attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q

1  with the SEC on June 4, 2004, which Form 10-Q speaks for itself and Poe denies

2  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

3  denies the allegations of Paragraph 88.

4       89.    Answering Paragraph 89, Poe admits that Semtech filed a Form 10-Q with

5  the SEC on June 4, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's

6  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

7  allegations of Paragraph 89.

8       90.    Answering Paragraph 90, Poe admits that Semtech filed a Form 10-Q with

9  the SEC on June 4, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's

10  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

11  allegations of Paragraph 90.

12       91.    Answering Paragraph 91, Poe admits that Semtech filed a Form 10-K/A

13  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

14  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

15  denies the allegations of Paragraph 91.

16       92.    Answering Paragraph 92, Poe admits that Semtech filed a Form 10-Q with

17  the SEC on June 4, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's

18  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

19  allegations of Paragraph 92.

20  **The August 24, 2004 Press Release and the**

21  **Form 10-Q for the Quarter Ending July 25, 2004**

22       93.    Answering Paragraph 93, Poe admits that Semtech filed a Form 8-K with

23  the SEC on August 24, 2004, which Form 8-K speaks for itself and Poe denies

24  Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a

25  Form 10-Q with the SEC on September 3, 2004, which Form 10-Q speaks for itself and

26  Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted

27  herein, Poe denies the allegations of Paragraph 93.

28

HOWREY LLP

Master Case No.  CA 2:07-CV-07114-CAS (FMOx)
DEF. POE'S ANSWER TO CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT

DM_US:21717766_4

94.     Answering Paragraph 94, Poe admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 94.

95.     Answering Paragraph 95, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 95.

96.     Answering Paragraph 96, Poe admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 96.

**The November 29, 2004 Press Release and the**

**Form 10-Q for the Quarter Ending October 31, 2004**

97.     Answering Paragraph 97, Poe admits that Semtech filed a Form 8-K with the SEC on November 29, 2004, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 97.

98.     Answering Paragraph 98, Poe admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 98.

99.     Answering Paragraph 99, Poe admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 99.

100.   Answering Paragraph 100, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 100.

101.   Answering Paragraph 101, Poe admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 101.

**The 2004 Form 10-K**

102.   Answering Paragraph 102, Poe admits that Semtech filed a Form 10-K with the SEC on April 15, 2005, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 102.

103.   Answering Paragraph 103, Poe admits that Semtech filed a Form 10-K with the SEC on April 15, 2005, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 103.

104.   Answering Paragraph 104, Poe admits that Semtech filed a Form 10-K with the SEC on April 15, 2005, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 104.

105.   Answering Paragraph 105, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 105.

106.   Answering Paragraph 106, Poe admits that Semtech filed a Form 10-K with the SEC on April 15, 2005, which Form 10-K speaks for itself and Poe denies Plaintiff's

1  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
2  allegations of Paragraph 106.

3  **The May 31, 2005 Press Release and the**
4  **Form 10-Q for the Quarter Ending May 1, 2005**

5    107.    Answering Paragraph 107, Poe admits that Semtech filed a Form 8-K with
6  the SEC on May 31, 2005, which Form 8-K speaks for itself and Poe denies Plaintiff's
7  attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q
8  with the SEC on June 10, 2005, which Form 10-Q speaks for itself and Poe denies
9  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe
10  denies the allegations of Paragraph 107.

11    108.    Answering Paragraph 108, Poe admits that Semtech filed a Form 10-Q with
12  the SEC on June 10, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's
13  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
14  allegations of Paragraph 108.

15    109.    Answering Paragraph 109, Poe admits that Semtech filed a Form 10-Q with
16  the SEC on June 10, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's
17  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
18  allegations of Paragraph 109.

19    110.    Answering Paragraph 110, Poe admits that Semtech filed a Form 10-K/A
20  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
21  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe
22  denies the allegations of Paragraph 110.

23    111.    Answering Paragraph 109, Poe admits that Semtech filed a Form 10-Q with
24  the SEC on June 10, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's
25  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
26  allegations of Paragraph 109.

27
28

**The August 30, 2005 Press Release and the**

**Form 10-Q for the Quarter Ending July 31, 2005**

112.    Answering Paragraph 112, Poe admits that Semtech filed a Form 8-K with the SEC on August 30, 2005, 2005, which Form 8-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 112.

113.    Answering Paragraph 113, Poe admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 113.

114.    Answering Paragraph 114, Poe admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 114.

115.    Answering Paragraph 115, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 115.

116.    Answering Paragraph 116, Poe admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005, which  Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 116.

**The November 29, 2005 Press Release and the**

**Form 10-Q for the Quarter Ending October 30, 2005**

117.    Answering Paragraph 117, Poe admits that Semtech filed a Form 8-K with the SEC on November 29, 2005, 2005, which Form 8-K speaks for itself and Poe denies

Plaintiff's attempts to characterize its terms.  Poe further admits that Semtech filed a Form 10-Q with the SEC on December 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 117.

118.   Answering Paragraph 118, Poe admits that Semtech filed a Form 10-Q with the SEC on December 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 118.

119.   Answering Paragraph 119, Poe admits that Semtech filed a Form 10-Q with the SEC on December 9, 2005, that Poe signed the Form 10-Q, and that the Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 119.

120.   Answering Paragraph 120, Poe admits that Semtech filed a Form 10-K/A with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 120.

121.   Answering Paragraph 121, Poe admits that Semtech filed a Form 10-Q with the SEC on December 9, 2005, which Form 10-Q speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 121.

**The 2005 Form 10-K**

122.   Answering Paragraph 122, Poe admits that Semtech filed a Form 10-K with the SEC on April 14, 2006, which Form 10-K speaks for itself and Poe denies Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 122.

123.   Answering Paragraph 123, Poe admits that Semtech filed a Form 10-K with the SEC on April 14, 2006, which Form 10-K speaks for itself and Poe denies Plaintiff's

1  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
2  allegations of Paragraph 123.

3       124.   Answering Paragraph 124, Poe admits that Semtech filed a Form 10-K with
4  the SEC on April 14, 2006, which Form 10-K speaks for itself and Poe denies Plaintiff's
5  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
6  allegations of Paragraph 124.

7       125.   Answering Paragraph 125, Poe admits that Semtech filed a Form 10-K/A
8  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
9  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe
10 denies the allegations of Paragraph 125.

11      126.   Answering Paragraph 126, Poe admits that Semtech filed a Form 10-K with
12 the SEC on April 14, 2006, which Form 10-K speaks for itself and Poe denies Plaintiff's
13 attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
14 allegations of Paragraph 126.

15                    **REVELATION OF THE FRAUDULENT SCHEME**

16      127.   Answering Paragraph 127, Poe admits that on or about May 16, 2006, the
17 Center for Financial Research and Analysis ("CFRA") published a research report on
18 stock option backdating, which report speaks for itself and Poe denies Plaintiff's
19 attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the
20 allegations of Paragraph 127.

21      128.   Answering Paragraph 128, Poe admits that on or about May 22, 2006,
22 Semtech issued a press release, which speaks for itself and Poe denies Plaintiff's
23 attempts to characterize its terms.  Except as expressly admitted herein, Poe lacks
24 knowledge or information sufficient to form a belief about the truth of the remaining
25 allegations in Paragraph 128 and, on that basis, denies them.

26      129.   Answering Paragraph 129, Poe admits that on June 9, 2006, Semtech filed
27 with the SEC a Form 12b-25, which speaks for itself and Poe denies Plaintiff's attempts

28

1  to characterize its terms.  Except as expressly admitted herein, Poe denies the

2  allegations of Paragraph 129.

3       130.   Answering Paragraph 130, Poe admits that on or about June 14, 2006,

4  Semtech issued a press release, which speaks for itself and Poe denies Plaintiff's

5  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

6  allegations of Paragraph 130.

7       131.   Answering Paragraph 131, Poe admits that on or about June 20, 2006,

8  Semtech issued a press release, which speaks for itself and Poe denies Plaintiff's

9  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

10 allegations of Paragraph 131.

11      132.   Answering Paragraph 132, Poe admits that on or about July 20, 2006,

12 Semtech filed with the SEC a Form 8-K, which speaks for itself and Poe denies

13 Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

14 denies the allegations of Paragraph 132.

15      133.   Answering Paragraph 133, Poe admits that on or about July 20, 2006,

16 Semtech filed with the SEC a Form 8-K, which speaks for itself and Poe denies

17 Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

18 denies the allegations of Paragraph 133.

19      134.   Answering Paragraph 134, Poe avers that Semtech's stock price is a matter

20 of public record, and Poe respectfully refers the Court to available public sources for

21 Semtech's stock price.  Paragraph 134 also contains legal conclusions to which no

22 response is required.  To the extent a response is required, Poe lacks knowledge or

23 information sufficient to form a belief about the truth of the remaining allegations in

24 Paragraph 134 and, on that basis, denies them.

25      135.   Answering Paragraph 135, Poe avers that Semtech's stock price is a matter

26 of public record, and Poe respectfully refers the Court to available public sources for

27 Semtech's stock price.  Paragraph 135 also contains legal conclusions to which no

28 response is required.  To the extent a response is required, Poe lacks knowledge or

1  information sufficient to form a belief about the truth of the remaining allegations in

2  Paragraph 135 and, on that basis, denies them.

3      136.   Answering Paragraph 136, Poe avers that Semtech's stock price is a matter

4  of public record, and Poe respectfully refers the Court to available public sources for

5  Semtech's stock price.  Paragraph 136 also contains legal conclusions to which no

6  response is required.  To the extent a response is required, Poe lacks knowledge or

7  information sufficient to form a belief about the truth of the remaining allegations in

8  Paragraph 136 and, on that basis, denies them.

9  **Post-Class Period Events**

10      137.   Answering Paragraph 137, Poe avers that it contains legal conclusions to

11  which no response is required.  To the extent a response is required to any portion of

12  Paragraph 137, and the allegations are directed at Poe, Poe denies the allegations in

13  Paragraph 137.

14      138.   Answering Paragraph 138, Poe admits that, on or about August 25, 2006,

15  Semtech issued a press release, which speaks for itself and Poe denies Plaintiff's

16  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

17  allegations of Paragraph 138.

18      139.   Answering Paragraph 139, Poe admits that, on October 25, 2006, Semtech

19  filed with the SEC a Form 8-K, which speaks for itself and Poe denies Plaintiff's

20  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

21  allegations of Paragraph 139.

22      140.   Answering Paragraph 140, Poe admits that, on October 25, 2006, Semtech

23  filed with the SEC a Form 8-K, which speaks for itself and Poe denies Plaintiff's

24  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

25  allegations of Paragraph 140.

26      141.   Answering Paragraph 141, Poe admits that Semtech filed a Form 10-K/A

27  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

28  Plaintiff's attempts to characterize its terms.  Poe further avers that Paragraph 141

1  contains legal conclusions to which no response is required.  Except as expressly
2  admitted herein, Poe denies the allegations of Paragraph 141.

3      142.   Answering Paragraph 142, Poe admits that Semtech filed a Form 10-K/A
4  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
5  Plaintiff's attempts to characterize its terms.  Poe further avers that Paragraph 142
6  contains legal conclusions to which no response is required.  Except as expressly
7  admitted herein, Poe denies the allegations of Paragraph 142.

8      143.   Answering Paragraph 143, Poe admits that Semtech filed a Form 10-K/A
9  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
10  Plaintiff's attempts to characterize its terms.  Poe further avers that Paragraph 143
11  contains legal conclusions to which no response is required.  Except as expressly
12  admitted herein, Poe denies the allegations of Paragraph 143.

13      144.   Answering Paragraph 144, Poe admits that Semtech filed a Form 10-K/A
14  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
15  Plaintiff's attempts to characterize its terms.  Poe further avers that Paragraph 144
16  contains legal conclusions to which no response is required.  Except as expressly
17  admitted herein, Poe denies the allegations of Paragraph 144.

18      145.   Answering Paragraph 145, Poe admits that Semtech filed a Form 10-K/A
19  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
20  Plaintiff's attempts to characterize its terms.  Poe further avers that Paragraph 145
21  contains legal conclusions to which no response is required.  Except as expressly
22  admitted herein, Poe denies the allegations of Paragraph 145.

23      146.   Answering Paragraph 146, Poe admits that Semtech filed a Form 10-K/A
24  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies
25  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe
26  denies the allegations of Paragraph 146.

27      147.   Answering Paragraph 147, Poe admits that Semtech filed a Form 10-K/A
28  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

1  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

2  denies the allegations of Paragraph 147.

3      148.   Answering Paragraph 148, Poe admits that Semtech filed a Form 10-K/A

4  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

5  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

6  denies the allegations of Paragraph 148.

7      149.   Answering Paragraph 149, Poe admits that Semtech filed a Form 10-K/A

8  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

9  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

10  denies the allegations of Paragraph 149.

11      150.   Answering Paragraph 150, Poe admits that Semtech filed a Form 10-K/A

12  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

13  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

14  denies the allegations of Paragraph 150.

15      151.   Answering Paragraph 151, Poe admits that Semtech filed a Form 10-K/A

16  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

17  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

18  denies the allegations of Paragraph 151.

19      152.   Answering Paragraph 152, Poe admits that Semtech filed a Form 10-K/A

20  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

21  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

22  denies the allegations of Paragraph 152.

23      153.   Answering Paragraph 153, Poe admits that Semtech filed a Form 10-K/A

24  with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies

25  Plaintiff's attempts to characterize its terms.  Except as expressly admitted herein, Poe

26  denies the allegations of Paragraph 153.

27

28

**ADDITIONAL INDICIA OF SCIENTER**

1.      **The Statistical Probability of These**

         **Option Grants Demonstrates Scienter**

154.   Answering Paragraph 154, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, on that basis, denies them.

155.   Answering Paragraph 155, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155, on that basis, denies them.

156.   Answering Paragraph 156, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 on that basis, denies them.

157.   Answering Paragraph 157, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157 on that basis, denies them.

158.   Answering Paragraph 158, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158 on that basis, denies them.

159.   Answering Paragraph 159, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159 on that basis, denies them.

160.   Answering Paragraph 160, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160 on that basis, denies them.

161.   Answering Paragraph 161, Poe avers that it contains legal conclusions to which no response is required.  Poe further avers that Semtech's stock price is a matter of public record, and Poe respectfully refers the Court to available public sources for Semtech's stock price.   To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161 on that basis, denies them.

**2.        Defendants' Scheme Systematically**
**             Violated GAAP and SEC Regulations**

162.   Answering Paragraph 162, Poe admits that, in Semtech's Form 10-K/A filed with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms, Semtech restated certain of its previously issued financial statements.  Paragraph 162 also contains legal conclusions to which no response is required.  Except as expressly admitted herein, Poe denies the allegations of Paragraph 162.

163.   Answering Paragraph 163, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.   Answering Paragraph 164, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.   Answering Paragraph 165, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks

HOWREY LLP

-29-                    Master Case No.  CA 2:07-CV-07114-CAS (FMOx)
                                    DEF. POE'S ANSWER TO CONSOLIDATED
                                    AMENDED CLASS ACTION COMPLAINT
DM_US:21717766_4

1  knowledge or information sufficient to form a belief about the truth of the allegations in

2  Paragraph 165 and, on that basis, denies them.

3          166.   Answering Paragraph 166, Poe avers that it contains legal conclusions to

4  which no response is required.  To the extent a response is required, Poe lacks

5  knowledge or information sufficient to form a belief about the truth of the allegations in

6  Paragraph 166 and, on that basis, denies them.

7          167.   Answering Paragraph 167, Poe avers that it contains legal conclusions to

8  which no response is required.  To the extent a response is required, Poe lacks

9  knowledge or information sufficient to form a belief about the truth of the allegations in

10  Paragraph 167 and, on that basis, denies them.

11          168.   Answering Paragraph 168, Poe avers that it contains legal conclusions to

12  which no response is required.  To the extent a response is required, Poe denies the

13  allegations in Paragraph 168.

14          169.   Answering Paragraph 169, Poe avers that it contains legal conclusions to

15  which no response is required.  To the extent a response is required, Poe lacks

16  knowledge or information sufficient to form a belief about the truth of the allegations in

17  Paragraph 169 and, on that basis, denies them.

18          170.   Answering Paragraph 170, Poe lacks knowledge or information sufficient

19  to form a belief about the truth of the allegations in Paragraph 170 and, on that basis,

20  denies them.

21          171.   Answering Paragraph 171, Poe avers that it contains legal conclusions to

22  which no response is required.  To the extent a response is required, Poe denies the

23  allegations of Paragraph 171.

24          172.   Answering Paragraph 172, Poe avers that it contains legal conclusions to

25  which no response is required.  To the extent a response is required, Poe lacks

26  knowledge or information sufficient to form a belief about the truth of the allegations in

27  Paragraph 172 and, on that basis, denies them.

28          173.   Answering Paragraph 173, Poe denies the allegations of Paragraph 173.

174.   Answering Paragraph 174, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.   Answering Paragraph 175, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175 and, on that basis, denies them.

176.   Answering Paragraph 176, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe denies the allegations of Paragraph 176.

177.   Answering Paragraph 177, Poe admits that, in Semtech's Form 10-K/A filed with the SEC on March 29, 2007, which Form 10-K/A speaks for itself and Poe denies Plaintiff's attempts to characterize its terms, Semtech restated certain of its previously issued financial statements.  Paragraph 177 also contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 177 and, on that basis, denies them.

178.   Answering Paragraph 178, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178 and, on that basis, denies them.

**3.        Semtech's Lack of Internal Controls**

179.   Answering Paragraph 179, Poe avers that it contains legal conclusions to which no response is required.  To the extent a response is required, Poe denies the allegations of Paragraph 179.

180.   Answering Paragraph 180, Poe admits that, on March 29, 2007, Semtech filed with the SEC a Form 10-K/A, which speaks for itself and Poe denies Plaintiff's

1  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

2  allegations of Paragraph 180.

3    181.   Answering Paragraph 181, Poe admits that, on March 29, 2007, Semtech

4  filed with the SEC a Form 10-K/A, which speaks for itself and Poe denies Plaintiff's

5  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

6  allegations of Paragraph 181.

7    182.   Answering Paragraph 182, Poe admits that, on March 29, 2007, Semtech

8  filed with the SEC a Form 10-K/A, which speaks for itself and Poe denies Plaintiff's

9  attempts to characterize its terms.  Except as expressly admitted herein, Poe denies the

10  allegations of Paragraph 182.

11    183.   Answering Paragraph 183, Poe denies the allegations of Paragraph 183.

12  **4.        Plaintiffs' Confidential Witness Statements**

13    184.   Answering Paragraph 184, Poe avers that it contains legal conclusions to

14  which no response is required.  To the extent a response is required, Poe lacks

15  knowledge or information sufficient to form a belief about the truth of the allegations in

16  Paragraph 184 and, on that basis, denies them.

17    185.   Answering Paragraph 185, Poe avers that it contains legal conclusions to

18  which no response is required.  To the extent a response is required, Poe lacks

19  knowledge or information sufficient to form a belief about the truth of the allegations in

20  Paragraph 185 and, on that basis, denies them.

21    186.   Answering Paragraph 186, Poe avers that it contains legal conclusions to

22  which no response is required.  As to the allegations regarding the knowledge,

23  experience, and understanding of the confidential witness, Poe lacks knowledge or

24  information sufficient to form a belief about the truth of those allegations and, on that

25  basis, denies them.  To the extent a response is required, Poe denies the allegations of

26  Paragraph 186.

27

28

**5.**        <u>**Sarbanes-Oxley Certifications**</u>

187.   Answering Paragraph 187, Poe admits that Semtech filed certain Form 10-Qs and Form 10-Ks with the SEC during the Putative Class Period, and that such filings speak for themselves and Poe denies Plaintiff's attempts to characterize their terms. Except as expressly admitted herein, Poe denies the allegations of Paragraph 187.

188.   Answering Paragraph 188, Poe admits that he signed the Form 10-Qs filed by Semtech with the SEC on September 11, 2002, December 11, 2002, June 11, 2003, September 10, 2003, and December 9, 2005, and that such filings speak for themselves, and Poe denies Poe denies Plaintiff's attempts to characterize their terms. Except as expressly admitted herein, Poe denies the allegations in Paragraph 188.

189.   Answering Paragraph 189, Poe avers that it contains legal conclusions to which no response is required. To the extent a response is required, Poe denies the allegations of Paragraph 189.

190.   Answering Paragraph 190, Poe avers that it contains legal conclusions to which no response is required. To the extent a response is required, Poe denies the allegations of Paragraph 190.

**6.**        <u>**Insider Sales**</u>

191.   Answering Paragraph 191, Poe admits that he sold shares of Semtech stock during the Putative Class Period. Poe further avers that Paragraph 191 contains legal conclusions to which no response is required. As to the remaining allegations of Paragraph 191, to the extent they are directed at Poe, Poe denies the allegations of Paragraph 191.

**7.**        <u>**Additional Scienter Allegations**</u>

192.   Answering Paragraph 192, Poe avers that it contains legal conclusions to which no response is required. To the extent a response is required, Poe denies the allegations of Paragraph 192.

1

## UNDISCLOSED ADVERSE FACTS

2     193.   Answering Paragraph 193, Poe avers that it contains legal conclusions to

3 which no response is required.  To the extent a response is required, Poe lacks

4 knowledge or information sufficient to form a belief about the truth of the allegations in

5 Paragraph 193 and, on that basis, denies them.

6     194.   Answering Paragraph 194, Poe avers that it contains legal conclusions to

7 which no response is required.  To the extent a response is required, Poe denies the

8 allegations of Paragraph 194.

9     195.   Answering Paragraph 195, Poe avers that it contains legal conclusions to

10 which no response is required.  To the extent a response is required, Poe denies the

11 allegations of Paragraph 195.

12

## LOSS CAUSATION

13     196.   Answering Paragraph 196, Poe avers that it contains legal conclusions to

14 which no response is required.  To the extent a response is required, Poe denies the

15 allegations of Paragraph 196.

16     197.   Answering Paragraph 197, Poe avers that it contains legal conclusions to

17 which no response is required.  To the extent a response is required, Poe denies the

18 allegations of Paragraph 197.

19

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD ON THE MARKET DOCTRINE

20

21     198.   Answering Paragraph 198, Poe avers that it contains legal conclusions to

22 which no response is required.  To the extent a response is required, Poe lacks

23 knowledge or information sufficient to form a belief about the truth of the allegations in

24 Paragraph 198 and, on that basis, denies them.

25     199.   Answering Paragraph 199, Poe avers that it contains legal conclusions to

26 which no response is required.  To the extent a response is required, Poe lacks

27 knowledge or information sufficient to form a belief about the truth of the allegations in

28 Paragraph 199 and, on that basis, denies them.

1    **<u>NO SAFE HARBOR</u>**

2    200.   Answering Paragraph 199, Poe avers that it contains legal conclusions to

3    which no response is required.  To the extent a response is required, Poe lacks

4    knowledge or information sufficient to form a belief about the truth of the allegations in

5    Paragraph 199 and, on that basis, denies them.

6    **FIRST CLAIM**

7    **Violation of Section 10(b) of the Exchange Act**

8    **and Rule 10b-5(a), (b), and (c) Promulgated Thereunder**

9    **<u>Against All Defendants</u>**

10    201.   Answering Paragraph 201, Poe incorporates each and every response above

11    as if fully set forth herein.  Paragraph 201 contains no substantive allegations of its own

12    and therefore no response is required.

13    202.   Answering Paragraph 202, Poe denies the allegations in Paragraph 202.

14    203.   Answering Paragraph 203, Poe denies the allegations in Paragraph 203.

15    204.   Answering Paragraph 204, Poe denies the allegations in Paragraph 204.

16    205.   Answering Paragraph 205, Poe denies the allegations in Paragraph 205.

17    206.   Answering Paragraph 206, Poe denies the allegations in Paragraph 206.

18    207.   Answering Paragraph 207, Poe avers that it contains legal conclusions to

19    which no response is required.  To the extent a response is required, Poe denies the

20    allegations in Paragraph 207.

21    208.   Answering Paragraph 208, Poe denies the allegations in Paragraph 208.

22    209.   Answering Paragraph 209, Poe denies the allegations in Paragraph 209.

23    210.   Answering Paragraph 210, Poe denies the allegations in Paragraph 210.

24    211.   Answering Paragraph 211, Poe denies the allegations in Paragraph 211.

25    212.   Answering Paragraph 212, Poe denies the allegations in Paragraph 212.

26

27

28

## SECOND CLAIM

### Violation of Section 20(a) of the Exchange Act

### Against the Individual Defendants

213.   Answering Paragraph 213, Poe incorporates each and every response above as if fully set forth herein.  Paragraph 213 contains no substantive allegations of its own and therefore no response is required.

214.   Answering Paragraph 214, Poe denies the allegations in Paragraph 214.

215.   Answering Paragraph 215, Poe denies the allegations in Paragraph 215.

216.   Answering Paragraph 216, Poe denies the allegations in Paragraph 216.

217.   Answering the Prayer for Relief and Judgment, to the extent a response is required, Poe denies Plaintiff is entitled to judgment or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Poe alleges the following separate and affirmative defenses to the CAC and, in doing so, does not assume any burden(s) of proof, persuasion, or production on such defenses where such burden(s) otherwise would fall on Plaintiff.

### First Affirmative Defense

### (Failure to State a Claim)

218.   The CAC, and each cause of action therein, fails to state a claim against Poe upon which relief can be granted.

### Second Affirmative Defense

### (Statute of Limitations/Repose)

219.   Plaintiff's claims against Poe are barred by the applicable statute(s) of limitation and/or repose.

### Third Affirmative Defense

### (Lack of Standing)

220.   Plaintiff and members of the putative class lack standing to bring any claim against Poe.

1

<b><u>Fourth Affirmative Defense</u></b>

2

<b>(Equitable Defenses)</b>

3   221.   Plaintiff's claims against Poe are barred by the equitable defenses of

4   laches, unclean hands, *in pari delicto*, waiver, and/or estoppel.

5

<b><u>Fifth Affirmative Defense</u></b>

6

<b>(Lack of Materiality)</b>

7   222.   Plaintiff's claims against Poe are barred because any alleged

8   misrepresentations or omissions in the CAC were not material.

9

<b><u>Sixth Affirmative Defense</u></b>

10

<b>(No Loss Causation)</b>

11   223.   Plaintiff's claims against Poe are barred because any alleged

12   misrepresentations or omissions in the CAC did not cause and/or were not a material

13   causal factor in any drop in the Semtech's stock price of which Plaintiff complains.

14

<b><u>Seventh Affirmative Defense</u></b>

15

<b>(Negative Causation)</b>

16   224.   Any damages sustained by Plaintiff or the putative class are barred by the

17   doctrine of negative causation because any alleged depreciation in Semtech's stock

18   price resulted from factors other than the alleged misrepresentations or omissions in the

19   CAC.

20

<b><u>Eighth Affirmative Defense</u></b>

21

<b>(Safe Harbor)</b>

22   225.   Poe is not liable for any forward looking statements because those

23   statements are protected by the "safe harbor" provision of the Securities Act of 1933, 15

24   U.S.C. § 77z-2 and the "bespeaks caution" doctrine.

25

26

27

28

## Ninth Affirmative Defense

### (Failure to Mitigate)

226.   Plaintiff is barred from recovering any damages against Poe to the extent that Plaintiff failed to adequately mitigate any damages allegedly sustained as a result of the conduct as alleged in the CAC.

## Tenth Affirmative Defense

### (No Material Misstatement or Omission)

227.   Plaintiff's claims against Poe are barred because Semtech's SEC filings alleged in the CAC did not contain any untrue statement of material fact, nor did they omit any material fact required to be stated or necessary to make the statements made in the SEC filings truthful.

## Eleventh Affirmative Defense

### (Reliance on Others)

228.   Plaintiff's claims against Poe are barred because Poe, at all relevant times, reasonably and in good faith relied upon the work, opinions, information, representations, and advice of others upon whom Poe was entitled to rely.

## Twelfth Affirmative Defense

### (Acts or Omissions of Others)

229.   Plaintiff's claims against Poe are barred because the conduct complained of in the CAC was caused by the acts or omissions of persons and/or entities other than Poe.

## Thirteenth Affirmative Defense

### (Good Faith)

230.   Poe is not liable as a controlling person because, at all relevant times, he acted in good faith, without knowledge or deliberate recklessness, and did not directly or indirectly control or otherwise induce the alleged violations.

## Fourteenth Affirmative Defense

### (Cautionary Statements)

231.   Semtech's public filings and other public statements alleged in the CAC contained meaningful cautionary statements that preclude Plaintiff from prevailing on its claims against Poe.

## Fifteenth Affirmative Defense

### (Intervening or Independent Cause)

232.   Plaintiff's claims against Poe are barred because any loss allegedly sustained by Plaintiff or the putative class was the result of an intervening or independent cause and unrelated to any alleged act or omission on the part of Poe.

## Sixteenth Affirmative Defense

### (Disclosure of Material Information)

233.   Plaintiff's claims are barred because any material information alleged to have been misrepresented or omitted by Poe was in fact disclosed in Semtech's Forms 10-Q and their amendments, Forms 10-K and their amendments, other SEC filings, press releases, proxy statements, Registration Statements, advertisements, and material incorporated therein or was otherwise publicly disclosed or available to Plaintiff and the market through credible sources.

## Seventeenth Affirmative Defense

### (No Transaction Causation)

234.   Plaintiff's claims are barred because Plaintiff did not rely on the purported market price of Semtech's stock in making investment decisions, and the market price of Semtech's stock was not inflated as a result of any alleged representation or omission made by Poe.

## Eighteenth Affirmative Defense

### (Apportionment)

235.   Without admitting that Plaintiff suffered damages in any amount, or that Poe is or should be liable for any such damages, Poe asserts that liability should be

1  apportioned according to the relative degrees of fault of the parties involved, and any

2  alleged liability of Poe reduced accordingly.

3  **Ninteenth Affirmative Defense**

4  **(90-Day Look Back and Damages)**

5  236.   Without admitting that Plaintiff suffered damages, or that Poe is or should

6  be liable for any such damages, Poe asserts that any liability should be limited to the

7  difference between Plaintiff's purchase price of Semtech's stock and the mean of the

8  trading price of Semtech stock during the 90-day period beginning on the date of any

9  corrective disclosure or other information disseminated to the market which is the basis

10 for Plaintiff's claims, and any alleged liability of Poe reduced accordingly, pursuant to

11 15 U.S.C. § 78u-4(e).

12 **Twentieth Affirmative Defense**

13 **(Offset)**

14 237.   Any recovery for damages allegedly incurred by Plaintiff and members of

15 the purported plaintiff class, if any, is subject to offset in the amount of any tax benefits

16 or other benefits received by Plaintiff or members of the purported plaintiff class

17 through their investments.

18 **Twenty-First Affirmative Defense**

19 **(Affirmative Defenses of Other Defendants)**

20 238.   Poe hereby adopts and incorporates by reference any and all other

21 affirmative defenses that are or have been asserted by any other defendant in this action,

22 to the extent that such defense(s) may be applicable to Poe.

23 **Twenty-Second Affirmative Defense**

24 **(Additional Defenses)**

25 239.   Poe reserves the right to amend or supplement his Answer, defenses, and

26 all other pleadings, as permitted by law, and further reserves the right to assert any and

27 all additional defenses, cross-claims, counterclaims, and/or third party claims as

28 permitted by law.

1

## **PRAYER FOR RELIEF**

2   WHEREFORE, Poe prays that this Court enter judgment as follows:

3     1) That Plaintiff and the putative class take nothing and be granted no relief under

4        the CAC;

5     2) For judgment in favor of Poe;

6     3) For costs of suit incurred herein; and

7     4) For such other and further relief as this Court deems just and proper.

8   Dated:  February 19, 2009        HOWREY LLP
                             Robert E. Gooding, Jr.

9                                Roman E. Darmer
                             Todd W. Smith

10

11

12                              By: /s/ Roman E. Darmer
                              ROMAN E. DARMER

13

14                              MUNGER TOLLES & OLSON LLP
                             Bart H. Williams

15                              Jacob S. Kreilkamp

16                              Attorneys for Defendant
                           JOHN D. POE

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss.:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4 Park Plaza, Suite 1700, Irvine, California 92614.

On February 19, 2008, I served on the interested parties in said action the within:

**DEFENDANT JOHN D. POE'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

by placing true copies thereof in a sealed envelope(s) addressed as stated below.

| | |
|---|---|
| J Allen Carney<br>Cauley Bowman Carney and Williams PLLC<br>11311 Arcade Drive, Suite 200<br>Little Rock, AR 72212 | Catherine A. Torell<br>Cohen Milstein Hausfeld and Toll<br>150 East 52nd Street<br>New York, NY  10022 |

Mark I. Labaton (*Hand Delivery)*\*
Kreindler and Kreindler
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017

☒   (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒   (HAND DELIVERY)  I caused such envelope to be delivered by hand to the offices of the designated party.\*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 19, 2009, at Irvine. California.

_____          _____
Joan M. Gordon                                          (Signature)
(Type or print name)