THOMAS A. ZACCARO (SB# 183241)
(thomaszaccaro@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

CHRISTOPHER H. McGRATH (SB# 149129)
(chrismcgrath@paulhastings.com)
KIMBERLEY A. DONOHUE (SB# 247027)
(kimberleydonohue@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

EDWARD HAN (SB# 196924)
(edwardhan@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
*Semtech Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE SEMTECH CORPORATION SECURITIES LITIGATION | CASE NO. 2:07-cv-07114-CAS (FMOx) **DEFENDANT SEMTECH CORPORATION'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** Ctrm.: 5, 2nd Floor Judge: Hon. Christina A. Snyder |

1    Defendant Semtech Corporation ("Semtech" or "the Company") hereby

2    answers the allegations (the "Answer") of the Consolidated Amended Class Action

3    Complaint (the "Complaint") filed by Lead Plaintiff Mississippi Public Employees'

4    Retirement System ("Plaintiff").  Except as to those allegations that are expressly

5    admitted in this Answer, all allegations in the Complaint are hereby denied, as

6    follows:

7        1.    Paragraph 1 contains a description by Plaintiff of its action which

8    requires no response.  To the extent a response is deemed necessary, Semtech

9    denies each and every allegation contained in Paragraph 1.

10       2.    Paragraph 2 contains a description by Plaintiff of its action and

11   requires no response.  To the extent a response is deemed necessary, Semtech

12   denies each and every allegation contained in Paragraph 2.

13       3.    Paragraph 3 contains a description by Plaintiff of its action which

14   requires no response.  To the extent a response is deemed necessary, Semtech

15   denies each and every allegation contained in Paragraph 3.

16       4.    To the extent the allegations in Paragraph 4 refer to statements made

17   by the Company in its Form 10-K/A for the fiscal year ended January 29, 2006, the

18   Company's publicly filed Form 10-K/A is the best evidence of those statements.

19   Semtech denies the existence of any admitted fraudulent scheme orchestrated by its

20   senior officers.  Semtech is without knowledge or information sufficient to form a

21   belief as to what "Lead Counsel's" expert analysis reveals, and on that basis denies

22   those allegations.  Except as so expressly admitted, Semtech denies each and every

23   other allegation contained in Paragraph 4.

24       5.    Paragraph 5 contains a description by Plaintiff of its action which

25   requires no response.  To the extent a response is deemed necessary, Semtech

26   denies each and every allegation contained in Paragraph 5.

27       6.    Paragraph 6 asserts legal conclusions to which no response is required.

28   To the extent a response is deemed necessary, Semtech admits that Defendants Poe,

1    Franz and Baumann received stock options.  To the extent the allegations in

2    Paragraph 6 refer to documents publicly filed by the Company, those documents are

3    the best evidence of their contents.  Except as so expressly admitted, Semtech

4    denies each and every allegation contained in Paragraph 6.

5           7.     To the extent the allegations in Paragraph 7 refer to a report published

6    by the Center for Financial Research and Analysis ("CFRA"), that publicly

7    available report is the best evidence of its contents.  Semtech admits that the SEC

8    initiated an inquiry into, and the grand jury for the Southern District of New York

9    began investigating, the historical stock option granting practices of Semtech.  To

10   the extent the allegations in Paragraph 7 refer to the Company's 10-K/A for the

11   fiscal year ended January 29, 2006, the publicly filed 10-K/A is the best evidence of

12   its contents.  Except as so expressly admitted, Semtech denies each and every other

13   allegation contained in Paragraph 7.

14          8.     Semtech's stock prices and trading volume are matters of public

15   record.  To the extent the allegations contained in Paragraph 8 refer to that

16   information, that publicly available information is the best evidence of its contents.

17   Semtech admits that it issued a press release on May 20, 2006.  To the extent the

18   allegations in Paragraph 8 refer to a publicly filed press release, that press release is

19   the best evidence of its contents.  Except as so expressly admitted, Semtech denies

20   each and every other allegation contained in Paragraph 8.

21          9.     Semtech's stock prices and trading volume are matters of public

22   record.  To the extent the allegations contained in Paragraph 9 refer to that

23   information, that publicly available information is the best evidence of its contents.

24   Except as so expressly admitted, Semtech denies each and every other allegation

25   contained in Paragraph 9.

26          10.    Semtech admits that it issued a press release on July 20, 2006.  To the

27   extent the allegations in Paragraph 10 refer to statements made in a publicly

28   available press release, that press release is the best evidence of its contents.

Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in Paragraph 10 refer to that information, that publicly available information is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 10.

11.     The allegations in Paragraph 11 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Semtech admits that Lead Plaintiff purports to bring claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5, promulgated thereunder.  Semtech denies each and every other allegation contained in Paragraph 11.

12.     Paragraph 12 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Semtech admits that United States District Courts have subject matter jurisdiction over this lawsuit.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 12.

13.     Paragraph 13 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Semtech admits venue is proper within the Central District of California.  Semtech admits that it maintains its headquarters in Camarillo, California.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 13.

14.     Paragraph 14 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Semtech denies each and every allegation contained in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 refer to statements in a certification filed with this Court, that publicly filed certification is the best evidence of its contents.  Semtech is without knowledge or information sufficient to

1  form a belief as to the truth of the remaining allegations contained in Paragraph 15

2  and on that basis denies such allegations.  Except as so expressly admitted, Semtech

3  denies each and every other allegation contained in Paragraph 15 and specifically

4  denies that Plaintiff suffered damages in any amount.

5      16.    Semtech admits the allegations in Paragraph 16.

6      17.    Semtech denies that Defendant Poe concealed or knew of any "options

7  backdating scheme."  Semtech admits that Defendant Poe served as its Chairman of

8  the Board beginning in 1998.  Semtech admits that Defendant Poe served as Chief

9  Executive Officer ("CEO") of the Company from October 1985 to October 2003

10  and as interim CEO from September 27, 2005 to April 3, 2006.  Semtech admits

11  that Defendant Poe took a leave of absence from his position as Chairman of the

12  Board beginning on August 17, 2006, and announced his intent to resign his

13  position as Chairman of the Board on October 20, 2006.  Semtech admits that

14  Defendant Poe resigned his position on the Board of Directors on April 16, 2007.

15  Semtech admits that its Board of Directors investigated its historic stock option

16  granting practices.  Semtech is without sufficient knowledge or information

17  sufficient to form a belief as to whether Defendant Poe assisted in the preparation

18  of the Company's proxy statements and its quarterly and annual reports and on that

19  same basis denies those allegations.  Semtech admits that Defendant Poe signed

20  certain of the Company's public filings.  Semtech admits that Defendant Poe sold

21  shares of Semtech stock during the purported Class Period.  To the extent the

22  allegations contained in Paragraph 17 refer to statements made in documents filed

23  with the SEC, those publicly available documents are the best evidence of their

24  contents.  Except as so expressly admitted, Semtech denies each and every other

25  allegation contained in paragraph 17.

26      18.    Semtech admits that Defendant Carlson served as CEO and director of

27  Semtech from October 2003 to October 2005, and that he signed certain public

28  filings while serving in those roles.  To the extent the allegations in Paragraph 18

refer to statements contained in publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 18.

19.    Semtech admits that Defendant Maheswaran has served as President, CEO and director of Semtech since April 3, 2006, and that he signed certain public filings dated April 14, 2006.  To the extent the allegations in Paragraph 19 refer to statements made in publicly filed documents, those publicly available documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 19.

20.    Semtech denies that Defendant Franz concealed or knew of any "options backdating scheme."  Semtech admits that Defendant Franz served as its Vice President of Finance and Chief Financial Officer ("CFO") from August 1993 to November 2006.  To the extent the allegations in Paragraph 20 refer to documents filed with the SEC, those publicly available documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 20.

21.    Semtech denies that Defendant Baumann concealed or knew of any "options backdating scheme."  Semtech admits that Defendant Baumann served as its Treasurer from 1994 to 2007.  Semtech admits that Defendant Baumann sold shares of Semtech stock during the purported Class Period.  To the extent the allegations contained in Paragraph 21 refer to statements made in documents filed with the SEC, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 21.

22.    The first sentence in Paragraph 22 contains a description of Plaintiff's action which requires no response.  To the extent a response is deemed necessary, Semtech denies the allegations contained in the first sentence of Paragraph 22.  Semtech denies each and every remaining allegation contained in Paragraph 22.

23.     Paragraph 23 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that the Individual Defendants held certain positions at Semtech during certain times which are a matter of public record.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 23.

24.     Paragraph 24 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Semtech denies each and every allegation contained in Paragraph 24.

25.     Paragraph 25 asserts legal conclusions to which no response is required.  To the extent a response deemed necessary, Semtech denies each and every allegation contained in Paragraph 25.

26.     Paragraph 26 contains a description of Plaintiff's action and requires no response.  To the extent a response is deemed necessary, Semtech admits Lead Plaintiff purports to bring this action on behalf of certain purchasers of Semtech securities.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 26.

27.     Paragraph 27 contains a description of Plaintiff's action and/or asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies those allegations.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 27.

28.     Paragraph 28 contains a description of Plaintiff's action and/or asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech is without knowledge or information sufficient to form a belief as to whether all members of a purported class purchased Semtech securities and on that basis denies those allegations.  Except as so expressly

admitted, Semtech denies each and every other allegation contained in Paragraph 28.

29.     Paragraph 29 contains a description of Plaintiff's action and/or asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 29.

30.     Paragraph 30 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 30, including all subparts.

31.     Paragraph 31 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 31.

32.     Paragraph 32 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 32.

33.     Paragraph 33 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies the allegations contained in Paragraph 33.

34.     Paragraph 34 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 34.

35.     Paragraph 35 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech responds as follows.  To the extent the allegations in Paragraph 35 refer to statements made in the Company's Form 10-K/A for the fiscal year ended January 29, 2006, that publicly available document is the best evidence of its contents.  Semtech admits that its stock options were administered by the Compensation Committee of the Board of Directors and/or its designee and were granted pursuant to its written

stock option plans.  Semtech admits that its written stock plans were entitled "1994 Long Term Stock Incentive Plan," "1994 Non-Employee Directors Stock Option Plan," and "1998 Long Term Stock Incentive Plan."  To the extent the allegations in Paragraph 35, including its footnote, refer to statements contained in those publicly available documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies the allegations contained in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 refer to statements contained in the Company's publicly filed stock plan, that document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 39.

40.     Paragraph 40 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary Semtech states that the stock option agreements are the best evidence of their contents.  Except as expressly admitted, Semtech denies each and every allegation contained in Paragraph 40.

41.     Paragraph 41 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the SEC Regulation referred to in Paragraph 41 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 41.

42.     Paragraph 42 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 42 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 42.

43.     Paragraph 43 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 43 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 43.

44.     Paragraph 44 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 43 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 refer to a publicly filed complaint in an unrelated lawsuit, that complaint is the best evidence of its contents.  Semtech is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies those allegations.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 45.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles

1    Board Opinion referred to in Paragraph 46 is the best evidence of its contents.

2    Except as so expressly admitted, Semtech denies each and every other allegation

3    contained in Paragraph 46.

4         47.    Paragraph 47 asserts legal conclusions to which no response is

5    required.  To the extent a response is required, the Accounting Principles Board

6    Opinion referred to in Paragraph 47 is the best evidence of its contents.  Except as

7    so expressly admitted, Semtech denies each and every other allegation contained in

8    Paragraph 47.

9         48.    Semtech admits that investigations commenced regarding stock option

10   grants in the Spring of 2006.  Except as expressly admitted, Semtech denies each

11   and every other allegation contained in Paragraph 48.

12        49.    Semtech is without knowledge or information sufficient to form a

13   belief as to whether the *Wall Street Journal* published an article on May 6, 2006

14   titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power

15   Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So

16   Far," and on that basis denies those allegations.  To the extent the allegations

17   contained in Paragraph 49 refer to statements contained in a *Wall Street Journal*

18   article, that publicly available article is the best evidence of its contents.  Except

19   so expressly admitted, Semtech denies each and every other allegation contained in

20   Paragraph 49.

21        50.    Semtech is without knowledge or information sufficient to form a

22   belief as to whether the *Wall Street Journal* published an article on May 6, 2006

23   titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power

24   Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So

25   Far," and on that basis denies those allegations.  To the extent the allegations

26   contained in Paragraph 50 refer to statements contained in a *Wall Street Journal*

27   article, that publicly available article is the best evidence of its contents.  Except as

28

1   so expressly admitted, Semtech denies each and every other allegation contained in
2   Paragraph 50.

3       51.    Semtech is without knowledge or information sufficient to form a
4   belief as to whether the *Wall Street Journal* published an article on May 6, 2006
5   titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power
6   Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So
7   Far," and on that basis denies those allegations.  To the extent the allegations
8   contained in Paragraph 51 refer to statements contained in a *Wall Street Journal*
9   article, that publicly available article is the best evidence of its contents.  Except as
10  so expressly admitted, Semtech denies each and every other allegation contained in
11  Paragraph 51.

12      52.    Semtech is without knowledge or information sufficient to form a
13  belief as to whether the *Wall Street Journal* published an article on May 6, 2006
14  titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power
15  Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So
16  Far," and on that basis denies those allegations.  To the extent the allegations
17  contained in Paragraph 52 refer to statements contained in a *Wall Street Journal*
18  article, that publicly available article is the best evidence of its contents.  Except as
19  so expressly admitted, Semtech denies each and every other allegation contained in
20  Paragraph 52.

21      53.    Semtech is without knowledge or information sufficient to form a
22  belief as to whether Arthur Levitt made any statement as alleged in Paragraph 53
23  and on that basis denies those allegations.  To the extent the allegations contained in
24  Paragraph 53 refer to statements made during a public speech, that speech is the
25  best evidence of its contents.  Semtech is without knowledge or information
26  sufficient to form a belief as to whether Christopher Cox testified before the U.S.
27  Committee on Banking, Housing, and Urban Affairs and on that basis denies those
28  allegations.  To the extent the allegations contained in Paragraph 53 refer to

1    statements in a publicly available testimony transcript, that transcript is the best

2    evidence of its contents.  Except as so expressly admitted, Semtech denies each and

3    every other allegation contained in Paragraph 53.

4         54.    Semtech is without knowledge or information sufficient to form a

5    belief as to whether Harvey Pitt made the statements as alleged in Paragraph 54 and

6    on that basis denies those allegations.  Except as so expressly admitted, Semtech

7    denies each and every other allegation contained in Paragraph 54.

8         55.    Semtech denies each and every allegation contained in Paragraph 55.

9         56.    To the extent the allegations in Paragraph 56 contain a description of

10   Plaintiff's action, no response is required.  Semtech admits that it filed a Form 8-K

11   with the SEC on August 27, 2002.  To the extent the allegations in Paragraph 56

12   relate to statements contained in the Company's Form 8-K, that publicly filed

13   document is the best evidence of its contents.  Except as so expressly admitted,

14   Semtech denies each and every other allegation contained in Paragraph 56.

15        57.    Semtech admits that it filed a Form 10-Q with the SEC on September

16   11, 2002.  To the extent the allegations in Paragraph 57 refer to statements

17   contained in that Form 10-Q, that publicly available document is the best evidence

18   of its contents.  Except as so expressly admitted, Semtech denies each and every

19   other allegation contained in Paragraph 57.

20        58.    Semtech admits that it filed a Form 10-Q with the SEC on September

21   11, 2002.  Semtech admits that Defendants Poe and Franz signed that Form 10-Q.

22   To the extent the allegations in Paragraph 58 refer to statements contained in that

23   Form 10-Q, that publicly available document is the best evidence of its contents.

24   Except as so expressly admitted, Semtech denies each and every other allegation

25   contained in Paragraph 58.

26        59.    Paragraph 59 asserts legal conclusions to which no response is

27   required.  To the extent a response is deemed necessary, Semtech admits that it

28   filed a Form 10-Q with the SEC on September 11, 2002.  To the extent the

allegations in Paragraph 59 refer to statements contained in that Form 10-Q, that publicly available document is the best evidence of its contents. Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. To the extent the allegations in Paragraph 59 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 59.

60.    Semtech admits that it filed a Form 8-K with the SEC and issued a press release on November 25, 2002. Semtech admits that the Company filed a Form 10-Q with the SEC on December 11, 2002. To the extent the allegations in Paragraph 60 refer to statements in those publicly available documents, those documents are the best evidence of their content. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 60.

61.    Semtech admits that the Company filed a Form 10-Q with the SEC on December 11, 2002. To the extent the allegations in Paragraph 61 refer to statements contained in the Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 61.

62.    Semtech admits that Defendants Poe and Franz signed the Form 10-Q filed with the SEC on December 11, 2002. To the extent the allegations in Paragraph 62 refer to statements contained in the Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 62.

63.    Paragraph 63 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-Q with the SEC on December 11, 2002 and a Form 10-K/A for the fiscal year ended January 29, 2006. To the extent the allegations in Paragraph 63 refer to statements contained in those publicly filed documents, those documents

1  are the best evidence of their content.  Except as so expressly admitted, Semtech

2  denies each and every other allegation contained in Paragraph 63.

3       64.    Semtech admits that it filed a Form 10-K with the SEC on April 24,

4  2003.  To the extent the allegations in Paragraph 64 refer to statements contained in

5  that Form 10-K, that publicly filed document is the best evidence of its contents.

6  Except as so expressly admitted, Semtech denies the allegations contained in

7  Paragraph 64.

8       65.    Semtech admits that it filed a Form 10-K with the SEC on April 24,

9  2003, and that Defendants Poe and Franz signed that Form 10-K.  To the extent the

10  allegations in Paragraph 65 refer to statements contained in that Form 10-K, that

11  publicly filed document is the best evidence of its contents.  Except as so expressly

12  admitted, Semtech denies the allegations contained in Paragraph 65.

13       66.    Paragraph 66 asserts legal conclusions to which no response is

14  required.  To the extent a response is deemed necessary, Semtech admits that it

15  filed a Form 10-K with the SEC on April 24, 2003.  To the extent the allegations in

16  Paragraph 66 refer to statements contained in that Form 10-K, that publicly filed

17  document is the best evidence of its contents.  Except as so expressly admitted,

18  Semtech denies the allegations contained in Paragraph 66.

19       67.    Paragraph 67 asserts legal conclusions to which no response is

20  required.  To the extent a response is deemed necessary, Semtech admits that it

21  filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To

22  the extent the allegations in Paragraph 67 refer to statements contained in that Form

23  10-K/A, that publicly filed document is the best evidence of its contents.  Except as

24  so expressly admitted, Semtech denies the allegations contained in Paragraph 67.

25       68.    Semtech admits that it filed a Form 10-K with the SEC on April 24,

26  2003.  To the extent the allegations in Paragraph 68 refer to statements contained in

27  that Form 10-K, that publicly filed document is the best evidence of its contents.

28

1  Except as so expressly admitted, Semtech denies the allegations contained in

2  Paragraph 68.

3       69.    Semtech admits that it filed a Form 8-K with the SEC and issued a

4  press release on May 27, 2003.  Semtech admits that it filed a Form 10-Q with the

5  SEC on June 11, 2003.  To the extent the allegations in Paragraph 69 refer to

6  statements contained in those publicly filed documents, those documents are the

7  best evidence of their contents.  Except as so expressly admitted, Semtech denies

8  each and every other allegation contained in Paragraph 69.

9       70.    Semtech admits that it filed a Form 10-Q with the SEC on June 11,

10  2003.  To the extent the allegations in Paragraph 70 refer to statements contained in

11  that publicly filed document, that document is the best evidence of its contents.

12  Except as so expressly admitted, Semtech denies each and every other allegation

13  contained in Paragraph 70.

14       71.    Semtech admits that it filed a Form 10-Q with the SEC on June 11,

15  2003, and that Defendants Poe and Franz signed the Form 10-Q.  To the extent the

16  allegations in Paragraph 71 refer to statements contained in that publicly filed

17  document, that document is the best evidence of its contents.  Except as so

18  expressly admitted, Semtech denies each and every other allegation contained in

19  Paragraph 71.

20       72.    Paragraph 72 asserts legal conclusions to which no response is

21  required.  To the extent a response is deemed necessary, Semtech admits that it

22  filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.

23  Semtech admits that it filed a Form 10-Q with the SEC on June 11, 2003.  To the

24  extent the allegations in Paragraph 72 refer to statements contained in those

25  publicly filed documents, those documents are the best evidence of their contents.

26  Except as so expressly admitted, Semtech denies each and every other allegation

27  contained in Paragraph 72.

28

73.     Semtech admits that it filed a Form 8-K with the SEC and issued a press release on August 26, 2003.  Semtech admits that it filed a Form 10-Q with the SEC on September 10, 2003.  To the extent the allegations contained in Paragraph 73 refer to statements contained in those documents, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 73.

74.     Semtech admits that it filed a Form 10-Q with the SEC on September 10, 2003.  To the extent the allegations contained in Paragraph 74 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 74.

75.     Semtech admits that it filed a Form 10-Q with the SEC on September 10, 2003, and admits that Defendants Poe and Franz signed that Form 10-Q.  To the extent the allegations contained in Paragraph 75 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 75.

76.     Paragraph 76 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  Semtech admits that it filed a Form 10-Q with the SEC on September 10, 2003.  To the extent the allegations contained in Paragraph 76 refer to statements contained in those publicly filed documents, those document are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 76.

77.     Semtech admits that it filed a Form 10-Q with the SEC on September 10, 2003.  To the extent the allegations contained in Paragraph 77 refer to statements contained in that Form 10-Q, that publicly filed document is the best

evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 77.

78.    Semtech admits that it filed a Form 8-K with the SEC and issued a press release on November 24, 2003.  Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 78 refer to statements contained in those publicly available documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 78.

79.    Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 79 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 79.

80.    Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2003, and admits that Defendants Carlson and Franz signed that Form 10-Q. To the extent the allegations in Paragraph 80 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 80.

81.    Paragraph 81 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 81 refer to statements contained in those documents, those publicly filed documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 81.

82. Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2003. To the extent the allegations in Paragraph 82 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 82.

83. Semtech admits that it filed a Form 10-K with the SEC on April 9, 2004. To the extent the allegations in Paragraph 83 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 83.

84. Semtech admits that it filed a Form 10-K with the SEC on April 9, 2004, and admits that Defendants Poe and Franz signed that Form 10-K. To the extent the allegations in Paragraph 84 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 84.

85. Paragraph 85 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K with the SEC on April 9, 2004. To the extent the allegations in Paragraph 85 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 85.

86. Paragraph 86 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. To the extent the allegations in Paragraph 86 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents. Except as

so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 86.

87.    Semtech admits that it filed a Form 10-K with the SEC on April 9, 2004.  To the extent the allegations in Paragraph 87 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 87.

88.    Semtech admits that it filed a Form 8-K with the SEC and issued a press release on May 25, 2004.  Semtech admits that it filed a Form 10-Q with the SEC on June 4, 2004.  To the extent the allegations in Paragraph 88 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 88.

89.    Semtech admits that it filed a Form 10-Q with the SEC on June 4, 2004.  To the extent the allegations in Paragraph 89 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 89.

90.    Semtech admits that it filed a Form 10-Q with the SEC on June 4, 2004, and that Defendants Carlson and Franz signed that Form 10-Q.  To the extent the allegations in Paragraph 90 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 90.

91.    Paragraph 91 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on June 4, 2004.  To the

extent the allegations in Paragraph 91 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 91.

92.    Semtech admits that it filed a Form 10-Q with the SEC on June 4, 2004. To the extent the allegations in Paragraph 92 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 92.

93.    Semtech admits that it filed a Form 8-K with the SEC and issued a press release on August 24, 2004. Semtech admits that it filed a Form 10-Q with the SEC on September 3, 2004. To the extent the allegations in Paragraph 93 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 93.

94.    Semtech admits that it filed a Form 10-Q with the SEC on September 3, 2004, and admits that Defendants Carlson and Franz signed that Form 10-Q. To the extent the allegations in Paragraph 94 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 94.

95.    Paragraph 95 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on September 3, 2004. To the extent the allegations in Paragraph 95 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.

Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 95.

96.     Semtech admits that it filed a Form 10-Q with the SEC on September 3, 2004.  To the extent the allegations in Paragraph 96 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 96.

97.     Semtech admits that it filed a Form 8-K with the SEC and issued a press release on November 29, 2004.  Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2004.  To the extent the allegations in Paragraph 97 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every allegation in Paragraph 97.

98.     Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2004.  To the extent the allegations in Paragraph 98 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every allegation in Paragraph 98.

99.     Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2004, and admits that Defendants Carlson and Franz signed that Form 10-Q. To the extent the allegations in Paragraph 99 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every allegation in Paragraph 99.

100.    Paragraph 100 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2004.  To

the extent the allegations in Paragraph 100 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every allegation in Paragraph 100.

101.   Semtech admits that it filed a Form 10-Q with the SEC on December 10, 2004.  To the extent the allegations in Paragraph 101 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every allegation in Paragraph 101.

102.   Semtech admits that it filed a Form 10-K with the SEC on April 15, 2005.  To the extent the allegations in Paragraph 102 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 102.

103.   Semtech admits that it filed a Form 10-K with the SEC on April 15, 2005, and admits that Defendants Carlson and Franz signed that Form 10-K.  To the extent the allegations in Paragraph 103 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 103.

104.   Paragraph 104 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K with the SEC on April 15, 2005.  To the extent the allegations in Paragraph 104 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 104.

105.   Paragraph 105 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it

filed a Form 10-K/A for the fiscal year ended January 29, 2006.  Semtech admits that it filed a Form 10-K with the SEC on April 15, 2005.  To the extent the allegations in Paragraph 105 refer to statements contained in those documents, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 105.

106.   Semtech admits that it filed a Form 10-K with the SEC on April 15, 2005.  To the extent the allegations in Paragraph 106 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 106.

107.   Semtech admits that it filed a Form 8-K with the SEC and issued a press release on May 31, 2005.  Semtech admits that it filed a Form 10-Q with the SEC on June 10, 2005.  To the extent the allegations in Paragraph 107 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 107.

108.   Semtech admits that it filed a Form 10-Q with the SEC on June 10, 2005.  To the extent the allegations in Paragraph 108 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 108.

109.   Semtech admits that it filed a Form 10-Q with the SEC on June 10, 2005, and admits that Defendants Carlson and Franz signed that Form 10-Q.  To the extent the allegations in Paragraph 109 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 109.

110.    Paragraph 110 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006.  Semtech admits that it filed a Form 10-Q with the SEC on June 10, 2005.  To the extent the allegations in Paragraph 110 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 110.

111.    Semtech admits that it filed a Form 10-Q with the SEC on June 10, 2005.  To the extent the allegations in Paragraph 111 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 111.

112.    Semtech admits that it filed a Form 8-K with the SEC and issued a press release on August 30, 2005.  Semtech admits that it filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 112 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 112.

113.    Semtech admits that it filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 113 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 113.

114.    Semtech admits that it filed a Form 10-Q with the SEC on September 9, 2005, and admits that Defendants Carlson and Franz signed that Form 10-Q.  To the extent the allegations in Paragraph 114 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents. Except as so

expressly admitted, Semtech denies each and every other allegation contained in Paragraph 114.

115.   Paragraph 115 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 115 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 115.

116.   Semtech admits that it filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 116 refer to statements contained in that Form 10-Q, that document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 116.

117.   Semtech admits that it filed a Form 8-K with the SEC and issued a press release on November 29, 2005.  Semtech admits that it filed a Form 10-Q with the SEC on December 9, 2005.  To the extent the allegations in Paragraph 117 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 117.

118.   Semtech admits that it filed a Form 10-Q with the SEC on December 9, 2005.  To the extent the allegations in Paragraph 118 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 118.

119.   Semtech admits that it filed a Form 10-Q with the SEC on December 9, 2005, and admits that Defendants Poe and Franz signed that Form 10-Q.  To the

extent the allegations in Paragraph 119 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 119.

120.   Paragraph 120 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-Q with the SEC on December 9, 2005.  To the extent the allegations in Paragraph 120 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 120.

121.   Semtech admits that it filed a Form 10-Q with the SEC on December 9, 2005.  To the extent the allegations in Paragraph 121 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 121.

122.   Semtech admits that it filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 122 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 122.

123.   Semtech admits that it filed a Form 10-K with the SEC on April 14, 2006, and admits that Defendants Maheswaran and Franz signed that Form 10-K. To the extent the allegations in Paragraph 123 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 123.

124.   Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 124 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 124.

125.   Paragraph 125 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. Semtech admits that it filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 125 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 125.

126.   Semtech admits that it filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 126 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 126.

127.   To the extent the allegations in Paragraph 127 refer to statements contained in an otherwise available CFRA report, that report is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 127.

128.   Semtech admits that it received a letter from the SEC, dated May 18, 2006.  Semtech admits that it issued a press release on May 22, 2006.  To the extent the allegations in Paragraph 128 refer to statements in those documents, those documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 128.

129.   Semtech admits that it filed a Form 12b-25 with the SEC on June 9, 2006.  To the extent the allegations in Paragraph 129 refer to statements in that Form 12b-25, that publicly available document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 129.

130.   Semtech admits that it issued a press release on June 14, 2006.  To the extent the allegations contained in Paragraph 130 refer to statements contained in that press release, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 130.

131.   Semtech admits that it issued a press release on June 20, 2006.  To the extent the allegations in Paragraph 131 refer to statements contained in that press release, that publicly available document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 131.

132.   Semtech admits that it filed a Form 8-K with the SEC on July 20, 2006.  To the extent the allegations in Paragraph 132 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 132.

133.   Semtech admits that it filed a Form 8-K with the SEC on July 20, 2006.  To the extent the allegations in Paragraph 133 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 133.

134.   Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in paragraph 134 refer to that information, that publicly available information is the best evidence of its contents.

-28-

Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 134.

135.   Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in paragraph 135 refer to that information, that publicly available information is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 135.

136.   Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in paragraph 136 refer to that information, that publicly available information is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 136.

137.   Semtech's announcements of employee departures are a matter of public record and are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation in Paragraph 137.

138.   Semtech admits that it issued a press release on August 25, 2006.  To the extent the allegations contained in Paragraph 138 refer to statements contained in that press release, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 138.

139.   Semtech admits that it filed a Form 8-K with the SEC on October 25, 2006.  To the extent the allegations in Paragraph 139 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 139.

140.   Semtech admits that it filed a Form 8-K with the SEC on October 25, 2006.  To the extent the allegations in Paragraph 140 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents.

Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 140.

141.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 141 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 141.

142.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 142 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 142.

143.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 143 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 143.

144.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 144 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 144.

145.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 145 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 145.

146.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 146 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 146.

147.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 147 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 147.

148.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 148 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 148.

149.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 149 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 149.

150.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 150 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 150.

151.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 151 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of

its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 151.

152.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 152 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 152.

153.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 153 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 153.

154.   Semtech is without knowledge or information sufficient to form a belief as to Lead Plaintiff's investigation of its claims and on that basis denies the allegations contained in Paragraph 154.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 154.

155.   Semtech is without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis denies the allegations contained in Paragraph 155.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 155.

156.   Semtech is without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis denies the allegations contained in Paragraph 156.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 156.

157.   Semtech is without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead

1   Plaintiff's claims and on that basis denies the allegations contained in Paragraph

2   157.  Except as so expressly admitted, Semtech denies each and every other

3   allegation contained in Paragraph 157.

4        158.   Semtech is without knowledge or information sufficient to form a

5   belief as to how one of Lead Plaintiff's investigative sources analyzed Lead

6   Plaintiff's claims and on that basis denies the allegations contained in Paragraph

7   158.  Except as so expressly admitted, Semtech denies each and every other

8   allegation contained in Paragraph 158.

9        159.   Semtech is without knowledge or information sufficient to form a

10  belief as to how one of Lead Plaintiff's investigative sources analyzed Lead

11  Plaintiff's claims and on that basis denies the allegations contained in Paragraph

12  159.  Except as so expressly admitted, Semtech denies each and every other

13  allegation contained in Paragraph 159.

14       160.   Semtech is without knowledge or information sufficient to form a

15  belief as to how one of Lead Plaintiff's investigative sources analyzed Lead

16  Plaintiff's claims and on that basis denies the allegations contained in Paragraph

17  160.  Except as so expressly admitted, Semtech denies each and every other

18  allegation contained in Paragraph 160.

19       161.   Semtech's stock prices are matters of public record, and that public

20  record is the best evidence of its content.  Except as expressly admitted, Semtech

21  denies each and every other allegation contained in Paragraph 161.

22       162.   Paragraph 162 asserts legal conclusions to which no response is

23  required.  To the extent a response is deemed necessary, Semtech admits that it

24  filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the

25  allegations in Paragraph 162 refer to statements in that Form 10-K/A, that publicly

26  filed document is the best evidence of its contents.  Except as so expressly

27  admitted, Semtech denies each and every other allegation contained in Paragraph

28  162.

163.   Paragraph 163 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that the SEC promulgates regulations that apply to public companies.  To the extent the allegations contained in Paragraph 163 refer to a SEC regulation, that regulation is the best evidence of its contents.  Except as so expressly admitted, Semtech denies the allegations contained in Paragraph 163.

164.   Paragraph 164 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 164.

165.   Paragraph 165 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that the SEC promulgates certain regulations.  To the extent the allegations contained in Paragraph 165 refer to statements in those regulations, those regulations are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 165.

166.   Paragraph 166 asserts legal conclusions to which no response is required.  To the extent a response is required, the AICPA auditing standard is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 166.

167.   Semtech denies each and every allegation contained in Paragraph 167.

168.   Paragraph 168 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech responds that Exchange Act Release No. 33-6504 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 168.

169.   Paragraph 169 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech responds that Exchange Act Release No. 34-8995 is the best evidence of its contents.  Except as

so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 169.

170.   Paragraph 170 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech responds that Securities Act Release No. 6349 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 170.

171.   Paragraph 171 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 171 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 171.

172.   Paragraph 172 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech states that Accounting Series Release 173 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 172.

173.   Semtech denies each and every allegation contained in Paragraph 173.

174.   Paragraph 174 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech states that Regulation S-K is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 174.

175.   Securities Act Release No. 6835 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 175.

176.   Paragraph 176 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 176.

177.   Paragraph 177 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech states that Accounting Principles Board Opinion No. 20 is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 177.

178.   Paragraph 178 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 178.

179.   Paragraph 179 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 179 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 179.

180.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 180 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 180.

181.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 181 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 181.

182.   Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 182 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 182.

183.   Paragraph 183 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech admits that it filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 183 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 183.

184.   Paragraph 184 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech is without knowledge or information sufficient to form a belief as to Lead Plaintiff's pre-complaint investigation of its claims and on that basis denies the allegations in Paragraph 184.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 184.

185.   Semtech is without knowledge or information as to what "Confidential Witness No. 1's" ("CW1") responsibilities included or whether CW1 made the statements attributed to her, and on that basis denies the allegations in Paragraph 185.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 185.

186.   Semtech is without knowledge or information as to whether CW1 made the statements attributed to her, and on that basis denies the allegations in Paragraph 186.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 186.

187.    Semtech admits that it filed Forms 10-Q and 10-K during the purported Class Period.  To the extent the allegations in Paragraph 187 refer to statements contained in those Forms 10-Q and 10-K, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 187.

188.    Semtech admits that it filed Forms 10-Q with the SEC on September 11, 2002, December 11, 2002, June 11, 2003, September 10, 2003, December 10, 2003, June 4, 2004, September 3, 2004, December 10, 2004, June 10, 2005, September 9, 2005, December 9, 2005 and admits that it filed Forms 10-K with the SEC on April 24, 2003, April 9, 2004, April 15, 2005, April 14, 2006.  Semtech admits that Defendant Poe signed certifications on those Forms 10-Q filed with the SEC on September 11, 2002, December 11, 2002, June 11, 2003, September 10, 2003, December 9, 2005 and on the Form 10-K filed with the SEC on April 24, 2003.  Semtech admits that Defendant Carlson signed certifications on those Forms 10-Q filed with the SEC on December 10, 2003, June 4, 2004, September 3, 2004, December 10, 2004, June 10, 2005, September 9, 2005 and on those Forms 10-K filed with the SEC on April 9, 2004 and April 15, 2005.  Semtech admits that Defendant Maheswaran signed the certification on the Form 10-K filed with SEC on April 14, 2006.  To the extent the allegations contained in Paragraph 188 refer to statements contained in those Forms 10-Q and 10-K, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 188.

189.    Paragraph 189 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 189.

190.    Paragraph 190 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 190.

191.   Semtech is without knowledge or information sufficient to form a belief as to the trading motivations or histories of Defendants Poe, Franz or Baumann and on that basis denies the allegations of Paragraph 191.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 191.

192.   Paragraph 192 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 192.

193.   Paragraph 193 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 193.

194.   Paragraph 194 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 194.

195.   Paragraph 195 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 195.

196.   Paragraph 196 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 196.

197.   Semtech is without knowledge or information sufficient to form a belief as to whether or not Lead Plaintiff and members of the purported class purchased Semtech securities and on that basis deny the allegations contained in Paragraph 197.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 197.

198.   Paragraph 198 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 198.

199.   Paragraph 199 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each an every allegation contained in Paragraph 199.

200.   Paragraph 200 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 200.

201.   Semtech repeats and incorporates each and every response contained above as if fully set forth herein.

202.   Semtech denies each and every allegation contained in Paragraph 202.

203.   Semtech denies each and every allegation contained in Paragraph 203.

204.   Paragraph 204 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Semtech denies each and every allegation contained in Paragraph 204.

205.   Semtech denies each and every allegation contained in Paragraph 205.

206.   Semtech denies each and every allegation contained in Paragraph 206.

207.   Semtech denies each and every allegation contained in Paragraph 207.

208.   Semtech denies each and every allegation contained in Paragraph 208.

209.   Semtech denies each and every allegation contained in Paragraph 209.

210.   Semtech is without knowledge or information sufficient to form a belief as to what Lead Plaintiff and other members of the purported class knew at any given time regarding Semtech securities and on that basis denies the allegations contained in Paragraph 210.  Except as so expressly admitted, Semtech denies each and every other allegation contained in Paragraph 210.

211.   Semtech denies each and every allegation contained in Paragraph 211.

212.   Semtech denies each and every allegation contained in Paragraph 212.

213.   Semtech repeats and incorporates each and every response contained above as if fully set forth herein.

1      214.   Plaintiff does not assert Claim II against Semtech, requiring no

2  response to the allegations in Paragraph 214.

3      215.   Plaintiff does not assert Claim II against Semtech, requiring no

4  response to the allegations in Paragraph 215.

5      216.   Plaintiff does not assert Claim II against Semtech, requiring no

6  response to the allegations in Paragraph 216.

7  **ANSWER TO PRAYER FOR RELIEF**

8      Semtech denies any basis exists to grant the relief requested by Plaintiff.

9  **SEMTECH'S AFFIRMATIVE DEFENSES**

10     Without undertaking any burden of proof not otherwise assigned to it by law,

11 Semtech asserts the following separate and affirmative defenses:

12 FIRST AFFIRMATIVE DEFENSE

13 (Failure to State a Claim)

14     Plaintiff's claims are barred in whole or in part because the Complaint, and

15 each and every purported claim for relief alleged therein, fails to allege facts

16 sufficient to state a claim upon which relief can be granted against Semtech.

17 SECOND AFFIRMATIVE DEFENSE

18 (Lack of Standing)

19     Plaintiff and members of the putative class lack standing to bring any claim

20 against Semtech.

21 THIRD AFFIRMATIVE DEFENSE

22 (No Injury)

23     Plaintiff's claims are barred in whole or in part because Plaintiff has not

24 sustained any cognizable injury.

25 FOURTH AFFIRMATIVE DEFENSE

26 (Statements Not Material)

27     Plaintiff's claims are barred in whole or in part because any allegedly false or

28 misleading statements or omissions attributable to Semtech, which it denies, were

-41-

not material.

### FIFTH AFFIRMATIVE DEFENSE

(Material Information Was Disclosed/Truth on the Market)

Plaintiff's claims are barred in whole or in part because any material information alleged to have been misrepresented or omitted by Semtech was in fact disclosed in the Forms 10-Q and their amendments, Forms 10-K and their amendments, other SEC filings, press releases, proxy statements, Registration Statements, advertisements, and material incorporated therein or was otherwise publicly disclosed or available to Plaintiff and the market through credible sources.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, and failed to comply with that duty, and, therefore, are barred from recovering any damages that might have been reasonably avoided.

### SEVENTH AFFIRMATIVE DEFENSE

(Assumption of Investment Risk)

Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to recover from Semtech because Plaintiff knew or should have known the risk associated with its securities investment, including but not limited to the stock market and other business factors, and assumed those risks when it purchased stock.

### EIGHTH AFFIRMATIVE DEFENSE

(No Duty to Disclose and/or Update)

Plaintiff's claims are barred in whole or in part, to the extent Plaintiff's claims are based on Semtech's omission(s) of purported material information, because Semtech had no duty to disclose or update the information.

1

## NINTH AFFIRMATIVE DEFENSE

2

(Lack of Proximate Cause)

3   Plaintiff's claims are barred in whole or in part because no act or omission by

4   Semtech individually or as a group was the cause in fact or the proximate cause of

5   any damage alleged by Plaintiff.

6

## TENTH AFFIRMATIVE DEFENSE

7

(Lack of Loss Causation)

8   Plaintiff's claims are barred in whole or in part because of a lack of loss

9   causation, *i.e.*, the depreciation in the market price of Semtech stock purchased by

10  or exchanged for by Plaintiff, and other purported class members, resulted from

11  factors other than the alleged misstatements and omissions alleged in the

12  Complaint.

13

## ELEVENTH AFFIRMATIVE DEFENSE

14

(Lack of Transaction Causation/Reliance)

15  Plaintiff's claims are barred in whole or in part because Plaintiff did not rely

16  on purported market price of Semtech's stock in making investment decisions, and

17  the market price of Semtech's stock was not inflated as a result of any alleged

18  representation or omission made by Semtech.

19

## TWELFTH AFFIRMATIVE DEFENSE

20

(Good Faith/Lack of Scienter)

21  Plaintiff's claims are barred in whole or in part against Semtech because

22  Semtech acted in good faith at all times during the relevant period, made no

23  material misrepresentations or omissions during the relevant period, was not a

24  participant in any alleged wrongful conduct challenged by Plaintiff and/or the

25  members of the class that Plaintiff purports to represent, and did not act with

26  scienter.

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Actual or Constructive Knowledge)

Plaintiff's claims are barred in whole or in part because at the time each acquired the securities at issue Plaintiff knew or reasonably should have known and/or learned of the acts and omissions complained of, therefore assuming the risk of any alleged damages proximately caused thereby.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Semtech, and were not the result of any act or omission on the part of Semtech.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Due Diligence)

Plaintiff's claims are barred in whole or in part because Semtech, after reasonable investigation and due diligence, did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe at that time, that any misstatement or omission of material fact existed in the Forms 10-K, Forms 10-Q, press releases, any other SEC filings, or any oral presentation made in connection with Semtech allegedly supporting Plaintiff's claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Plaintiff's claims are barred in whole or in part because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the alleged liability of each of Semtech is asserted, were contained or were made in the context of sufficient cautionary language or risk disclosure to be non-actionable under the "bespeaks caution" doctrine.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

(Safe Harbor)

Plaintiff's claims are barred in whole or in part because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the alleged liability of Semtech is asserted, are non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, *see* § 15 U.S.C. § 78u-5.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

(Speculative Damages)

Plaintiff's claims are barred in whole or in part because the alleged damages, if any, are speculative.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

(Statutes of Limitations and Repose)

Plaintiff's claims are barred in whole or in part because the applicable statute of limitations and/or the applicable statute of repose, including, but not limited to, 28 U.S.C. § 1658(b).

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

(Waiver, Estoppel, Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

(Ratification of Actions)

Plaintiff's claims are barred in whole or in part because, and to the extent the alleged, transactions were ratified by Semtech's shareholders.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

(Proportionate Liability)

Based on its lack of actual knowledge concerning any alleged material misstatements or omissions, liability, if any, of Semtech is limited to its

1   proportionate liability.

2   TWENTY-THIRD AFFIRMATIVE DEFENSE

3   (Apportionment)

4    Without admitting that Plaintiff suffered damages in any amount, or that

5   Semtech is or should be liable for any such damages, Semtech asserts that its

6   liability and any other responsible persons, named or unnamed, should be

7   apportioned according to their relative degrees of fault, and any alleged liability of

8   Semtech reduced accordingly.

9   TWENTY-FOURTH AFFIRMATIVE DEFENSE

10   (90-Day Look Back and Damages)

11    Without admitting that Plaintiff suffered damages, or that Semtech is or

12   should be liable for any such damages, Semtech asserts that its liability and any

13   other responsible persons, named or unnamed, should be limited to the difference

14   between Plaintiff's purchase price of Semtech's stock and the mean of the trading

15   price of Semtech stock during the 90-day period beginning on the date of any

16   corrective disclosure or other information disseminated to the market which is the

17   basis for Plaintiff's claims, and any alleged liability of Semtech reduced

18   accordingly, *see* 15 U.S.C. § 78u-4(e).

19   TWENTY-FIFTH AFFIRMATIVE DEFENSE

20   (Offset)

21    Any recovery for damages allegedly incurred by Plaintiff and members of the

22   purported plaintiff class, if any, is subject to offset in the amount of any tax benefits

23   or other benefits received by Plaintiff or members of the purported plaintiff class

24   through their investments.

25   TWENTY-SIXTH AFFIRMATIVE DEFENSE

26   (Good Faith)

27    Every act or omission by Semtech alleged in the Complaint was done or

28   omitted in good faith conformity with the rules and regulations of the Securities and

-46-

Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Plaintiff's claims are barred in whole or in part against Semtech because the conduct complained of in the Complaint was caused by the acts or omissions of persons and/or entities other than Semtech.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred because recovery thereon would result in unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Relinquishment, Release and/or Abandonment)

Each cause of action is barred by the doctrine of relinquishment, release and/or abandonment.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Justification)

Semtech's conduct was at all times in good faith, reasonable, diligent, lawful, justified, and/or privileged under the circumstances by the rule of justification.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses)

Semtech hereby reserves and asserts all affirmative defenses available under federal law and under any applicable state law.  Semtech presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available.  Therefore, Semtech reserves the right to assert additional affirmative defenses in the event that discovery indicates that it would be appropriate.  Additionally, Semtech adopts by reference any applicable defense asserted by any other defendant not expressly set forth

1  herein to the extent they may share that defense.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Semtech Corporation respectfully requests that this Court:

4  1.  Enter judgment in favor of Semtech for each count of the Complaint in

5  which it is named;

6  2.  Award Semtech its costs and expenses incurred in defending this

7  action; and

8  3.  Grant Semtech such other and further relief as the Court deems just

9  and proper.

10  DATED: February 19, 2009       CHRISTOPHER H. McGRATH
11                                 KIMBERLEY A. DONOHUE
                                   PAUL, HASTINGS, JANOFSKY
12                                   & WALKER LLP

13

14                                 By: /s/Christopher H. McGrath
                                       CHRISTOPHER H. McGRATH

15                                 4747 Executive Drive, 12th Floor
16                                 San Diego, CA 92121
                                   Telephone: (858) 458-3000
17                                 Facsimile: (858) 458-3005

18                                 THOMAS A. ZACCARO
                                   PAUL, HASTINGS, JANOFSKY
19                                   & WALKER LLP
                                   515 South Flower Street, Twenty-Fifth Floor
20                                 Los Angeles, CA 90071-2228
                                   Telephone: (213) 683-6000
21                                 Facsimile: (213) 627-0705

22                                 EDWARD HAN
                                   PAUL, HASTINGS, JANOFSKY
23                                   & WALKER LLP
                                   55 Second Street, Twenty-Fourth Floor
24                                 San Francisco, CA 94105-3441
                                   Telephone: (415) 856-7000
25                                 Facsimile: (415) 856-7100

26                                 Attorneys for Defendant
                                   *Semtech Corporation*

27

28  LEGAL_US_W # 61052262.4

-48-