1   THOMAS A. ZACCARO (SB# 183241)
    (thomaszaccaro@paulhastings.com)
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street, Twenty-Fifth Floor
3   Los Angeles, CA 90071-2228
    Telephone: (213) 683-6000
4   Facsimile: (213) 627-0705

5   CHRISTOPHER H. McGRATH (SB# 149129)
    (chrismcgrath@paulhastings.com)
6   KIMBERLEY A. DONOHUE (SB# 247027)
    (kimberleydonohue@paulhastings.com)
7   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    4747 Executive Drive, 12th Floor
8   San Diego, CA 92121
    Telephone: (858) 458-3000
9   Facsimile: (858) 458-3005

10  EDWARD HAN (SB# 196924)
    (edwardhan@paulhastings.com)
11  PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, Twenty-Fourth Floor
12  San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
13  Facsimile: (415) 856-7100

14  Attorneys for Defendants
    *Jason L. Carlson and Mohan R. Maheswaran*
15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                  WESTERN DIVISION

19

| 20  IN RE SEMTECH CORPORATION SECURITIES LITIGATION | CASE NO.  2:07-cv-07114-CAS (FMOx) |
|---|---|
| 21 | **DEFENDANTS CARLSON AND MAHESWARAN'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| 22 | |
| 23 | |
| 24 | Ctrm.:   5, 2nd Floor<br>Judge:    Hon. Christina A. Snyder |

25

26

27

28

1    Defendants Jason L. Carlson and Mohan R. Maheswaran hereby answer the

2    allegations (the "Answer") of the Consolidated Amended Class Action Complaint

3    (the "Complaint") filed by Lead Plaintiff Mississippi Public Employees'

4    Retirement System ("Plaintiff").  Except as to those allegations that are expressly

5    admitted in this Answer, all allegations in the Complaint are hereby denied, as

6    follows:

7    1.    For purposes of Paragraphs 1 through 216 as relevant to both claims

8    one and two of the Complaint, the "Answering Defendants" are hereby defined to

9    include defendants Jason L. Carlson and Mohan R. Maheswaran.  Paragraph 1

10   contains a description by Plaintiff of its action and requires no response.

11   2.    Paragraph 2 contains a description by Plaintiff of its action and

12   requires no response.  To the extent a response is deemed necessary, Answering

13   Defendants deny each and every allegation contained in Paragraph 2.

14   3.    Paragraph 3 contains a description by Plaintiff of its action which

15   requires no response.  To the extent a response is deemed necessary, Answering

16   Defendants deny each and every allegation contained in Paragraph 3.

17   4.    To the extent the allegations in Paragraph 4 refer to statements made

18   by the Company in its Form 10-K/A for the fiscal year ended January 29, 2006, the

19   Company's publicly filed Form 10-K/A is the best evidence of those statements.

20   Answering Defendants are without knowledge or information sufficient to form a

21   belief as to how stock options were granted prior to their tenures at the Company as

22   alleged in Paragraph 4 and on that basis deny those allegations.  Answering

23   Defendants are without knowledge or information sufficient to form a belief as to

24   what "Lead Counsel's" expert analysis reveals, and on that basis deny those

25   allegations.  Except as so expressly admitted, the Answering Defendants deny each

26   and every other allegation contained in Paragraph 4.

27

28

5.      Paragraph 5 contains a description by Plaintiff of its action which requires no response.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 5.

6.      Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendants are without knowledge and information sufficient to form a belief as to whether Defendants Poe, Franz and Baumann received millions of dollars of stock options as alleged in Paragraph 6, and on that basis deny those allegations.  Answering Defendants admit that they signed certain public filings during their tenures at the Company.  To the extent the allegations in Paragraph 6 refer to documents signed by Answering Defendants, those publicly filed documents are the best evidence of their content. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 refer to a report published by the Center for Financial Research and Analysis ("CFRA"), that publicly available report is the best evidence of its contents.  Answering Defendants admit that the SEC initiated an inquiry and the grand jury for the Southern District of New York began investigating the historical stock option granting practices of Semtech.  To the extent the allegations in Paragraph 7 refer to the Company's 10-K/A for the fiscal year ended January 29, 2006, the publicly filed 10-K/A is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 7.

8.      Semtech stock prices and trading volume are matters of public record. To the extent the allegations in Paragraph 8 refer to that information, that publicly available information is the best evidence of its contents.  Answering Defendants admit that Semtech issued a press release on May 20, 2006.  To the extent the allegations in Paragraph 8 refer to a publicly filed press release, that press release is

1  the best evidence of its contents.  Except as so expressly admitted, the Answering

2  Defendants deny each and every other allegation contained in Paragraph 8.

3       9.     Semtech stock prices and trading volume are matters of public record.

4  To the extent the allegations in Paragraph 9 refer to that information, that publicly

5  available information is the best evidence of its contents.  Except as so expressly

6  admitted, the Answering Defendants deny each and every other allegation

7  contained in Paragraph 9.

8       10.    Answering Defendants admit Semtech issued a press release on July

9  20, 2006.  To the extent the allegations in Paragraph 10 refer to statements made in

10  a publicly available press release, that press release is the best evidence of its

11  contents.  Semtech stock prices and trading volume are matters of public record.

12  To the extent the allegations in Paragraph 10 refer to that information, that publicly

13  available information is the best evidence of its contents.  Except as so expressly

14  admitted, the Answering Defendants deny each and every other allegation

15  contained in Paragraph 10.

16       11.    The allegations in Paragraph 11 assert legal conclusions to which no

17  response is required.  To the extent a response is deemed necessary, however,

18  Answering Defendants admit that Lead Plaintiff purports to bring claims arising

19  under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange

20  Act"), and Rule 10b-5, promulgated thereunder.  Pursuant to order entered on

21  December 15, 2008, this Court dismissed Lead Plaintiff's claim under Section

22  10(b) of the Exchange Act as to Answering Defendants.  Answering Defendants

23  deny each and every other allegation contained in Paragraph 11.

24       12.    Paragraph 12 asserts legal conclusions to which no response is

25  required.  To the extent a response is deemed necessary, however, Answering

26  Defendants admit that United States District Courts have subject matter jurisdiction

27  over this lawsuit.  Except as so expressly admitted, the Answering Defendants deny

28  each and every other allegation contained in Paragraph 12.

13.     Paragraph 13 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Answering Defendants admit venue is proper within the Central District of California.  Answering Defendants admit that Semtech maintains it headquarters in Camarillo, California.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 13.

14.     Paragraph 14 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Answering Defendants deny each and every allegation contained in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 refer to statements in a certification filed with this Court, that publicly filed certification is the best evidence of its contents.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and on that basis deny such allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 15 and specifically deny that Plaintiff suffered damages in any amount.

16.     Answering Defendants admit the allegations in Paragraph 16.

17.     Answering Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 17, and on that basis deny those allegations.

18.     Defendant Carlson admits that he served as CEO and director of Semtech from October 2003 to October 2005, and that he signed certain public filings while serving in those roles.  To the extent the allegations in Paragraph 18 refer to statements contained in publicly filed documents, those documents are the best evidence of their contents.  Defendant Maheswaran is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 and on that basis denies those allegations.  Except as so expressly

admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 18.

19.     Defendant Maheswaran admits that he has served as President, CEO and director of Semtech since April 3, 2006, and that he signed certain public filings dated April 14, 2006.  To the extent the allegations in Paragraph 19 refer to statement made in publicly filed documents, those publicly available documents are the best evidence of their contents.  Defendant Carlson is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 and on that basis denies those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 19.

20.     Answering Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 20.

21.     Answering Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 21.

22.     The first sentence of Paragraph 22 contains a description of Plaintiff's action which requires no response.  To the extent a response is deemed necessary, Answering Defendants deny the allegations contained in the first sentence of Paragraph 22.  Answering Defendants deny each and every remaining allegation contained in Paragraph 22.

23.     Paragraph 23 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants admit they held certain positions at Semtech during certain times, and those positions and tenures are a matter of public record.  Except as so expressly

-5-

admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 23.

24.     Paragraph 24 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 24.

25.     Paragraph 25 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 25.

26.     Paragraph 26 contains a description of Plaintiff's action and requires no response.  To the extent a response is deemed necessary, Answering Defendants admit Lead Plaintiff purports to bring this action on behalf of certain purchasers of Semtech securities.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 26.

27.     Paragraph 27 contains a description of Plaintiff's action and asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 27.

28.     Paragraph 28 contains a description of Plaintiff's claims and asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to whether all purported members of a class purchased Semtech securities and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 28.

29.     Paragraph 29 contains a description of Plaintiff's action and/or asserts legal conclusions to which no response is required.  To the extent a response is

deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 29.

30.     Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 30, including all subparts.

31.     Paragraph 31 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 31.

32.     Paragraph 32 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 32.

33.     Paragraph 33 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 33.

34.     Paragraph 34 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 34.

35.     Paragraph 35 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief regarding the Company's stock option practices that took place prior to their tenures at the Company and on that basis deny each and every allegation contained in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 refer to statements contained in the Company's publicly filed stock plan, that document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 refer to statements contained in the Company's publicly filed stock plans, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 39.

40.     Paragraph 40 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to the mental states of Defendants Poe, Franz or Baumann and on that basis deny the allegations contained in Paragraph 40.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 40.

41.     Paragraph 41 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the SEC Regulation referred to in Paragraph 41 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 41.

42.     Paragraph 42 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 42 is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 42.

43.     Paragraph 43 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 43 is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 43.

44.     Paragraph 44 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 44 is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 refer to a publicly filed complaint in an unrelated lawsuit, that complaint is the best evidence of its contents.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 45.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Accounting Principles Board Opinion referred to in Paragraph 46 is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 46.

47.     Paragraph 47 asserts legal conclusions to which no response is required.  To the extent a response is required, the Accounting Principles Board Opinion referred to in Paragraph 47 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 47.

48.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on

that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 48.

49.   Answering Defendants are without knowledge or information sufficient to form a belief as to whether the *Wall Street Journal* published an article on May 6, 2006 titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So Far," and on that basis deny those allegations.  To the extent the allegations contained in Paragraph 49 refer to statements contained in a *Wall Street Journal* article, that publicly available article is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 49.

50.   Answering Defendants are without knowledge or information sufficient to form a belief as to whether the *Wall Street Journal* published an article on May 6, 2006 titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So Far," and on that basis deny those allegations.  To the extent the allegations contained in Paragraph 50 refer to statements contained in a *Wall Street Journal* article, that publicly available article is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 50.

51.   Answering Defendants are without knowledge or information sufficient to form a belief as to whether the *Wall Street Journal* published an article on May 6, 2006 titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm – Power Integrations Officials Leave Amid Options Scandal; 10 Companies Involved So Far," and on that basis deny those allegations.  To the extent the allegations contained in Paragraph 51 refer to statements contained in a *Wall Street Journal* article, that publicly available article is the best evidence of its contents.  Except as

1   so expressly admitted, the Answering Defendants deny each and every other
2   allegation contained in Paragraph 51.

3       52.    Answering Defendants are without knowledge or information
4   sufficient to form a belief as to whether the *Wall Street Journal* published an article
5   on May 6, 2006 titled, "Backdating Probe Widens as 2 Quit Silicon Valley Firm –
6   Power Integrations Officials Leave Amid Options Scandal; 10 Companies Involved
7   So Far," and on that basis deny those allegations.  To the extent the allegations
8   contained in Paragraph 52 refer to statements contained in a *Wall Street Journal*
9   article, that publicly available article is the best evidence of its contents.  Except as
10  so expressly admitted, the Answering Defendants deny each and every other
11  allegation contained in Paragraph 52.

12      53.    Answering Defendants are without knowledge or information
13  sufficient to form a belief as to whether Arthur Levitt made any statement as
14  alleged in Paragraph 53 and on that basis deny those allegations.  To the extent the
15  allegations contained in Paragraph 53 refer to statements made in a public speech,
16  that speech is the best evidence of its contents.  Answering Defendants are without
17  knowledge or information sufficient to form a belief as to whether Christopher Cox
18  testified before the U.S. Committee on Banking, Housing, and Urban Affairs and
19  on that basis deny those allegations.  To the extent the allegations contained in
20  Paragraph 53 refer to statements in a publicly available testimony transcript, that
21  transcript is the best evidence of its contents.  Except as so expressly admitted, the
22  Answering Defendants deny each and every other allegation contained in
23  Paragraph 53.

24      54.    Answering Defendants are without knowledge or information
25  sufficient to form a belief as to whether Harvey Pitt made the statements as alleged
26  in Paragraph 54 and on that basis deny those allegations.  Except as so expressly
27  admitted, the Answering Defendants deny each and every other allegation
28  contained in Paragraph 54.

55.    Answering Defendants deny each and every allegation contained in Paragraph 55.

56.    To the extent the allegations in Paragraph 56 contain a description of Plaintiff's action, no response is required.  Answering Defendants are without knowledge or information sufficient to form a belief as to actions taken by the Company prior to their tenures at the Company and on that basis deny the allegations of Paragraph 56.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 56.

57.    Answering Defendants are without knowledge or information sufficient to form a belief as to actions that allegedly took place prior to their tenures at Semtech and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 57.

58.    Answering Defendants are without knowledge or information sufficient to form a belief as to actions that allegedly took place prior to their tenures at Semtech and on that basis deny those allegations.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 58.

59.    Paragraph 59 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to actions that allegedly took place prior to their tenures at Semtech and on that basis deny those allegations.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 59 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 59.

60.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taking place at the Company prior to their tenures there and on that basis deny the allegations contained in Paragraph 60. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 60.

61.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taking place at the Company prior to their tenures there and on that basis deny the allegations contained in Paragraph 61. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 61.

62.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taking place at the Company prior to their tenures there and on that basis deny the allegations contained in Paragraph 62. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 62.

63.     Paragraph 63 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 63.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 63 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 63.

64.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 64.  Except as so

1   expressly admitted, the Answering Defendants deny each and every other allegation
2   contained in Paragraph 64.

3        65.    Answering Defendants are without knowledge or information
4   sufficient to form a belief as to alleged actions taken at the Company prior to their
5   tenures there and on that basis deny the allegations of Paragraph 65.  Except as so
6   expressly admitted, the Answering Defendants deny each and every other allegation
7   contained in Paragraph 65.

8        66.    Answering Defendants are without knowledge or information
9   sufficient to form a belief as to alleged actions taken at the Company prior to their
10  tenures there and on that basis deny the allegations of Paragraph 66.  Except as so
11  expressly admitted, the Answering Defendants deny each and every other allegation
12  contained in Paragraph 66.

13       67.    Paragraph 67 asserts legal conclusions to which no response is
14  required.  To the extent a response is deemed necessary, Answering Defendants are
15  without knowledge or information sufficient to form a belief as to alleged actions
16  taken at the Company prior to their tenures there and on that basis deny the
17  allegations of Paragraph 67.  Defendant Maheswaran admits that Semtech filed a
18  Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the
19  extent the allegations contained in Paragraph 67 refer to statements in that Form 10-
20  K/A, that publicly filed document is the best evidence of its contents.  Except as so
21  expressly admitted, the Answering Defendants deny each and every other allegation
22  contained in Paragraph 67.

23       68.    Answering Defendants are without knowledge or information
24  sufficient to form a belief as to alleged actions taken at the Company prior to their
25  tenures there and on that basis deny the allegations of Paragraph 68.  Except as so
26  expressly admitted, the Answering Defendants deny each and every other allegation
27  contained in Paragraph 68.

28

69.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 69.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 69.

70.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 70.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 70.

71.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 71.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 71.

72.     Paragraph 72 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 72.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations contained in Paragraph 72 refer to statements in those publicly filed document, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 72.

73.     Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to their tenures there and on that basis deny the allegations of Paragraph 73.  Except as so

1  expressly admitted, the Answering Defendants deny each and every other allegation
2  contained in Paragraph 73.

3      74.    Answering Defendants are without knowledge or information
4  sufficient to form a belief as to alleged actions taken at the Company prior to their
5  tenures there and on that basis deny the allegations of Paragraph 74.  Except as so
6  expressly admitted, the Answering Defendants deny each and every other allegation
7  contained in Paragraph 74.

8      75.    Answering Defendants are without knowledge or information
9  sufficient to form a belief as to alleged actions taken at the Company prior to their
10  tenures there and on that basis deny the allegations of Paragraph 75.  Except as so
11  expressly admitted, the Answering Defendants deny each and every other allegation
12  contained in Paragraph 75.

13      76.    Paragraph 76 asserts legal conclusions to which no response is
14  required.  To the extent a response is deemed necessary, Answering Defendants are
15  without knowledge or information sufficient to form a belief as to alleged actions
16  taken at the Company prior to their tenures there and on that basis deny the
17  allegations of Paragraph 76.  Defendant Maheswaran admits that Semtech filed a
18  Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the
19  extent the allegations contained in Paragraph 76 refer to statements contained in
20  that Form 10-K/A, that publicly filed document is the best evidence of its contents.
21  Except as so expressly admitted, the Answering Defendants deny each and every
22  other allegation contained in Paragraph 76.

23      77.    Answering Defendants are without knowledge or information
24  sufficient to form a belief as to alleged actions taken at the Company prior to their
25  tenures there and on that basis deny the allegations of Paragraph 77.  Except as so
26  expressly admitted, the Answering Defendants deny each and every other allegation
27  contained in Paragraph 77.

28

78.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 78.  Defendant Carlson admits that Semtech filed a Form 8-K with the SEC and issued a press release on November 24, 2003.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 78 refer to statements contained in those publicly available documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 78.

79.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 79.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 79 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 79.

80.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 80.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2003, and admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 80 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 80.

81.     Paragraph 81 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of their tenures there and on that basis deny those allegations in Paragraph 81.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2003.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 81 refer to statements contained in that Form 10-Q or that Form 10-K/A, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 81.

82.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 82.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2003.  To the extent the allegations in Paragraph 82 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 82.

83.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 83.  Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 9, 2004.  To the extent the allegations in Paragraph 83 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 83.

84.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 84.  Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 9, 2004, and that he signed that Form 10-K.  To the extent the allegations in Paragraph 84 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 84.

85.     Paragraph 85 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 85.  Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 9, 2004.  To the extent the allegations in Paragraph 85 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 85.

86.     Paragraph 86 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside their tenures there and on that basis deny those allegations in Paragraph 86.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  Defendant Carlson admits that he signed certain Sarbanes-Oxley certifications.  To the extent the allegations in Paragraph 86 refer to statements contained in those documents, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 86.

87.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 87.  Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 9, 2004.  To the extent the allegations in Paragraph 87 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 87.

88.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 88.  Defendant Carlson admits that Semtech filed a Form 8-K with the SEC and issued a press release on April 25, 2004.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 4, 2004.  To the extent the allegations in Paragraph 88 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 88.

89.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 89.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 4, 2004.  To the extent the allegations in Paragraph 89 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 89.

90.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his

1   tenure there and on that basis denies the allegations in Paragraph 90.  Defendant

2   Carlson admits that Semtech filed a Form 10-Q with the SEC on June 4, 2004, and

3   admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 90

4   refer to statements contained in that Form 10-Q, that publicly filed document is the

5   best evidence of its contents.  Except as so expressly admitted, the Answering

6   Defendants deny each and every other allegation contained in Paragraph 90.

7        91.   Paragraph 91 asserts legal conclusions to which no response is

8   required.  To the extent a response is deemed necessary, Answering Defendants are

9   without knowledge or information sufficient to form a belief as to alleged actions

10  that took place at the Company outside their tenures there and on that basis deny the

11  allegations in Paragraph 91.  Defendant Carlson admits that Semtech filed a Form

12  10-Q with the SEC on June 4, 2004.  Defendant Maheswaran admits that Semtech

13  filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To

14  the extent the allegations in Paragraph 91 refer to statements contained in that Form

15  10-Q and Form 10-K/A, those publicly filed documents are the best evidence of

16  their contents.  Except as so expressly admitted, the Answering Defendants deny

17  each and every other allegation contained in Paragraph 91.

18       92.   Defendant Maheswaran is without knowledge or information sufficient

19  to form a belief as to alleged actions that took place at the Company prior to his

20  tenure there and on that basis denies the allegations in Paragraph 92.  Defendant

21  Carlson admits that Semtech filed a Form 10-Q with the SEC on June 4, 2004.  To

22  the extent the allegations in Paragraph 92 refer to statements contained in that Form

23  10-Q, that publicly filed document is the best evidence of its contents.  Except as so

24  expressly admitted, the Answering Defendants deny each and every other allegation

25  contained in Paragraph 92.

26       93.   Defendant Maheswaran is without knowledge or information sufficient

27  to form a belief as to alleged actions that took place at the Company prior to his

28  tenure there and on that basis denies the allegations in Paragraph 93.  Defendant

Carlson admits that Semtech filed a Form 8-K and issued a press release on August 24, 2004.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004, and admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 93 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 93.

94.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 94.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004, and admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 94 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 94.

95.     Paragraph 95 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside their tenures there and on that basis deny the allegations in Paragraph 95.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 95 refer to statements contained in that Form 10-Q or Form 10-K/A, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 95.

96.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 96.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 3, 2004.  To the extent the allegations in Paragraph 96 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 96.

97.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 97.  Defendant Carlson admits that Semtech filed a Form 8-K with the SEC and issued a press release on November 29, 2004.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004.  To the extent the allegations in Paragraph 97 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 97.

98.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 98.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004.  To the extent the allegations in Paragraph 98 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 98.

99.     Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his

tenure there and on that basis denies the allegations in Paragraph 99. Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004, and admits that he signed that Form 10-Q. To the extent the allegations in Paragraph 99 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 99.

100. Paragraph 100 asserts legal conclusions to which no response is required. To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside their tenures there and on that basis deny the allegations in Paragraph 100. Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004. Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. To the extent the allegations in Paragraph 100 refer to statements contained in that Form 10-Q or Form 10-K/A, those publicly filed documents are the best evidence of their contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 100.

101. Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 101. Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on December 10, 2004. To the extent the allegations in Paragraph 101 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 101.

102. Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his

1  tenure there and on that basis denies the allegations in Paragraph 102.  Defendant

2  Carlson admits that Semtech filed a Form 10-K with the SEC on April 15, 2005.

3  To the extent the allegations in Paragraph 102 refer to statements contained in that

4  Form 10-K, that publicly filed document is the best evidence of its contents.

5  Except as so expressly admitted, the Answering Defendants deny each and every

6  other allegation contained in Paragraph 102.

7         103.   Defendant Maheswaran is without knowledge or information sufficient

8  to form a belief as to alleged actions that took place at the Company prior to his

9  tenure there and on that basis denies the allegations in Paragraph 103.  Defendant

10 Carlson admits that Semtech filed a Form 10-K with the SEC on April 15, 2005,

11 and admits that he signed that Form 10-K.  To the extent the allegations in

12 Paragraph 103 refer to statements contained in that Form 10-K, that publicly filed

13 document is the best evidence of its contents.  Except as so expressly admitted, the

14 Answering Defendants deny each and every other allegation contained in Paragraph

15 103.

16        104.   Paragraph 104 asserts legal conclusions to which no response is

17 required.  To the extent a response is deemed necessary, Defendant Maheswaran is

18 without knowledge or information sufficient to form a belief as to alleged actions

19 that took place at the Company prior to his tenure there and on that basis denies the

20 allegations in Paragraph 104.  Defendant Carlson admits that Semtech filed a Form

21 10-K with the SEC on April 15, 2005.  To the extent the allegations in Paragraph

22 104 refer to statements contained in that Form 10-K, that publicly filed document is

23 the best evidence of its contents.  Except as so expressly admitted, the Answering

24 Defendants deny each and every other allegation contained in Paragraph 104.

25        105.   Paragraph 105 asserts legal conclusions to which no response is

26 required.  To the extent a response is deemed necessary, Answering Defendants are

27 without knowledge or information sufficient to form a belief as to alleged actions

28 that took place at the Company outside their tenures there and on that basis deny the

allegations in Paragraph 105. Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 15, 2005. Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC. To the extent the allegations in Paragraph 105 refer to statements contained in those Forms 10-K or 10-K/A, those publicly filed documents are the best evidence of their contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 105.

106.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 106. Defendant Carlson admits that Semtech filed a Form 10-K with the SEC on April 15, 2005. To the extent the allegations in Paragraph 106 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 106.

107.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 107. Defendant Carlson admits that Semtech filed a Form 8-K with the SEC and issued a press release on May 31, 2005. Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 10, 2005. To the extent the allegations in Paragraph 107 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 107.

108.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 108. Defendant

Carlson admits that Semtech filed a Form 10-Q with the SEC on June 10, 2005.  To the extent the allegations in Paragraph 108 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 108.

109.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 109.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 10, 2005, and admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 109 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 109.

110.   Paragraph 110 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside their tenures there and on that basis deny the allegations in Paragraph 110.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 10, 2005.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 110 refer to statements contained in that Form 10-Q or Form 10-K/A, those publicly filed documents is the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 110.

111.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 111.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on June 10, 2005.  To

the extent the allegations in Paragraph 111 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 111.

112.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 112.  Defendant Carlson admits that Semtech filed a Form 8-K with the SEC and issued a press release on August 30, 2005.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 112 refer to statements contained in those publicly filed documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 112.

113.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 113.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 113 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 113.

114.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 114.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005, and admits that he signed that Form 10-Q.  To the extent the allegations in Paragraph 114 refer to statements contained in that Form 10-Q, that publicly filed

document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 114.

115.   Paragraph 115 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside their tenures there and on that basis deny the allegations in Paragraph 115.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 115 refer to statements contained in that Form 10-Q or Form 10-K/A, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 115.

116.   Defendant Maheswaran is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company prior to his tenure there and on that basis denies the allegations in Paragraph 116.  Defendant Carlson admits that Semtech filed a Form 10-Q with the SEC on September 9, 2005.  To the extent the allegations in Paragraph 116 refer to statements contained in that Form 10-Q, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 116.

117.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to or after their tenures there and on that basis deny the allegations of Paragraph 117.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 117.

118.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to or after their tenures there and on that basis deny the allegations of Paragraph 118. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 118.

119.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to or after their tenures there and on that basis deny the allegations of Paragraph 119. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 119.

120.   Paragraph 120 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to or after their tenures there and on that basis deny the allegations of Paragraph 120.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 120 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 120.

121.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions taken at the Company prior to or after their tenures there and on that basis deny the allegations of Paragraph 121. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 121.

122.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 122.  Defendant

Maheswaran admits that Semtech filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 122 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 122.

123.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 123.  Defendant Maheswaran admits that Semtech filed a Form 10-K with the SEC on April 14, 2006, and admits that he signed that Form 10-K.  To the extent the allegations in Paragraph 123 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 123.

124.   Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 124.  Defendant Maheswaran admits that Semtech filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 124 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 124.

125.   Paragraph 125 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the

allegations in Paragraph 125.  Defendant Maheswaran admits that Semtech filed a Form 10-K with the SEC on April 14, 2006.  Defendant Maheswaran admits that Semtech filed a Form 10-K/A for the fiscal year ended January 29, 2006 with the SEC.  To the extent the allegations in Paragraph 125 refer to statements contained in that Form 10-K or Form 10-K/A, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 125.

126.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 126.  Defendant Maheswaran admits that Semtech filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 126 refer to statements contained in that Form 10-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 126.

127.   To the extent the allegations in Paragraph 127 refer to statements contained in an otherwise available CFRA report, that report is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 127.

128.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 128.  Defendant Maheswaran admits that the Company received a letter from the SEC, dated May 18, 2006.  Defendant Maheswaran admits that the Company issued a press release on May 22, 2006.  To the extent the allegations in Paragraph 128 refer to statements in those documents, those documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 128.

129.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 129.  Defendant Maheswaran admits that the Company filed a Form 12b-25 with the SEC on June 9, 2006.  To the extent the allegations in Paragraph 129 refer to statements in that Form 12b-25, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 129.

130.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 130.  Defendant Maheswaran admits that the Company issued a press release on June 14, 2006.  To the extent the allegations contained in Paragraph 130 refer to statements contained in that press release, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 130.

131.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 131.  Defendant Maheswaran admits that the Company issued a press release on June 20, 2006.  To the extent the allegations in Paragraph 131 refer to statements contained in that press release, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 131.

132.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 132.  Defendant Maheswaran admits that the Company filed a Form 8-K with the SEC on July 20,

2006.  To the extent the allegations in Paragraph 132 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 132.

133.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations in Paragraph 133.  Defendant Maheswaran admits that the Company filed a Form 8-K with the SEC on July 20, 2006.  To the extent the allegations in Paragraph 133 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 133.

134.   Answering Defendants state that Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in Paragraph 134 refer to that information, that publicly available information is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 134.

135.   Answering Defendants state that Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in Paragraph 135 refer to that information, that publicly available information is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 135.

136.   Answering Defendants state that Semtech's stock prices and trading volume are matters of public record.  To the extent the allegations contained in Paragraph 136 refer to that information, that publicly available information is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 136.

137.   Answering Defendants are without knowledge or information sufficient to form a belief as to what constitutes a "stock option scandal" and on that basis deny the allegations in Paragraph 137.  To the extent the allegations refer to Semtech's announcements of employee departures, those announcements are a matter of public record and are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 137.

138.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 138.  Defendant Maheswaran admits that Semtech issued a press release on August 25, 2006.  To the extent the allegations contained in Paragraph 138 refer to statements contained in that press release, that publicly available document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 138.

139.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 139.  Defendant Maheswaran admits that the Company filed a Form 8-K with the SEC on October 25, 2006.  To the extent the allegations in Paragraph 139 refer to statements contained in that Form 8-K, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 139.

140.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 140.  Answering Defendant Maheswaran admits that the Company filed a Form 8-K with the SEC on November 8, 2006.  To the extent the allegations in Paragraph 140 refer

1    to statements contained in that Form 8-K, that publicly filed document is the best
2    evidence of its contents.  Except as so expressly admitted, the Answering
3    Defendants deny each and every other allegation contained in Paragraph 140.

4        141.   Defendant Carlson is without knowledge or information sufficient to
5    form a belief as to alleged actions that took place at the Company after his tenure
6    there and on that basis denies the allegations contained in Paragraph 141.
7    Defendant Maheswaran admits that the Company filed a Form 10-K/A with the
8    SEC on March 29, 2007.  To the extent the allegations in Paragraph 141 refer to
9    statements contained in that Form 10-K/A, that publicly filed document is the best
10   evidence of its contents.  Except as so expressly admitted, the Answering
11   Defendants deny each and every other allegation contained in Paragraph 141.

12       142.   Defendant Carlson is without knowledge or information sufficient to
13   form a belief as to alleged actions that took place at the Company after his tenure
14   there and on that basis denies the allegations contained in Paragraph 142.
15   Defendant Maheswaran admits that the Company filed a Form 10-K/A with the
16   SEC on March 29, 2007.  To the extent the allegations in Paragraph 142 refer to
17   statements contained in that Form 10-K/A, that publicly filed document is the best
18   evidence of its contents.  Except as so expressly admitted, the Answering
19   Defendants deny each and every other allegation contained in Paragraph 142.

20       143.   Defendant Carlson is without knowledge or information sufficient to
21   form a belief as to alleged actions that took place at the Company after his tenure
22   there and on that basis denies the allegations contained in Paragraph 143.
23   Defendant Maheswaran admits that the Company filed a Form 10-K/A with the
24   SEC on March 29, 2007.  To the extent the allegations in Paragraph 143 refer to
25   statements contained in that Form 10-K/A, that publicly filed document is the best
26   evidence of its contents.  Except as so expressly admitted, the Answering
27   Defendants deny each and every other allegation contained in Paragraph 143.

28

144.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 144. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 144 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 144.

145.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 145. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 145 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 145.

146.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 146. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 146 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 146.

147.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 147. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the

SEC on March 29, 2007.  To the extent the allegations in Paragraph 147 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 147.

148.   Paragraph 148 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 148.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 148 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 148.

149.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 149. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 149 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 149.

150.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 150. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 150 refer to statements contained in that Form 10-K/A, that publicly filed document is the best

evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 150.

151.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 151. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 151 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 151.

152.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 152. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 152 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 152.

153.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company after his tenure there and on that basis denies the allegations contained in Paragraph 153. Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 153 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 153.

154.   Answering Defendants are without knowledge or information sufficient to form a belief as to Lead Plaintiff's investigation of its claims and on

that basis deny the allegations contained in Paragraph 154.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 154.

155.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 155.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 155.

156.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 156.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 156.

157.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 157.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 157.

158.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 158.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 158.

159.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 159.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 159.

160.   Answering Defendants are without knowledge or information sufficient to form a belief as to how one of Lead Plaintiff's investigative sources analyzed Lead Plaintiff's claims and on that basis deny the allegations contained in Paragraph 160.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 160.

161.   Semtech's stock prices are matters of public record, and that public record is the best evidence of its content.  Except as expressly admitted, Answering Defendants deny each and every other allegation contained in Paragraph 161.

162.   Paragraph 162 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants respond as follows:  Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 162.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations in Paragraph 162 refer to statements in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 162.

163.   Paragraph 163 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants admit that the SEC promulgates regulations that apply to public companies.  To the extent the allegations contained in Paragraph 163 refer to a SEC regulation, that regulation is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 163.

164.   Paragraph 164 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, however, Answering Defendants deny each and every allegation contained in Paragraph 164.

165.   Paragraph 165 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants admit that the SEC promulgates certain regulations.  To the extent the allegations contained in Paragraph 165 refer to statements in those regulations, those regulations are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 165.

166.   Paragraph 166 asserts legal conclusions to which no response is required.  To the extent a response is required, the AICPA auditing standard is the best evidence of its contents.  Except as so expressly admitted, Answering Defendants deny each and every other allegation contained in Paragraph 166.

167.   Answering Defendants deny each and every allegation contained in Paragraph 167.

168.   Exchange Act Release No. 33-6504 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 168.

169.   Paragraph 169 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants respond that Exchange Act Release No. 34-8995 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 169.

170.   Paragraph 170 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants respond that Securities Act Release No. 6349 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 170.

171.   Paragraph 171 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants

1    respond as follows:  Defendant Carlson is without knowledge or information

2    sufficient to form a belief as to alleged actions that took place at the Company

3    outside of his tenure there and on that basis denies the allegations of Paragraph 171.

4    Defendant Maheswaran admits that the Company filed a Form 10-K/A with the

5    SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 171

6    refer to statements contained in that Form 10-K/A, that publicly filed document is

7    the best evidence of its contents.  Except as so expressly admitted, the Answering

8    Defendants deny each and every other allegation contained in Paragraph 171.

9        172.   Paragraph 172 asserts legal conclusions to which no response is

10   required.  To the extent a response is deemed necessary, Answering Defendants

11   state that Accounting Series Release 173 is the best evidence of its contents.

12   Except as so expressly admitted, the Answering Defendants deny each and every

13   other allegation contained in Paragraph 172.

14       173.   Answering Defendants deny each and every allegation contained in

15   Paragraph 173.

16       174.   Paragraph 174 asserts legal conclusions to which no response is

17   required.  To the extent a response is deemed necessary, Answering Defendants

18   state that Regulation S-K is the best evidence of its contents.  Except as so

19   expressly admitted, the Answering Defendants deny each and every other allegation

20   contained in Paragraph 174.

21       175.   Securities Act Release No. 6835 is the best evidence of its contents.

22   Except as so expressly admitted, the Answering Defendants deny each and every

23   other allegation contained in Paragraph 175.

24       176.   Paragraph 176 asserts legal conclusions to which no response is

25   required.  To the extent a response is deemed necessary, Answering Defendants

26   deny each and every allegation contained in Paragraph 176.

27       177.   Paragraph 177 asserts legal conclusions to which no response is

28   required.  To the extent a response is deemed necessary, Answering Defendants

state that Accounting Principles Board Opinion No. 20 is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 177.

178.  Paragraph 178 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Answering Defendants deny each and every allegation contained in Paragraph 178.

179.  Paragraph 179 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Answering Defendants respond as follows:  Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions taking place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 179.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 179 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 179.

180.  Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 180.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 180 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 180.

181.  Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 181.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March

29, 2007.  To the extent the allegations contained in Paragraph 181 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 181.

182.   Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 182.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 182 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 182.

183.   Paragraph 183 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants respond as follows:  Defendant Carlson is without knowledge or information sufficient to form a belief as to alleged actions that took place at the Company outside of his tenure there and on that basis denies the allegations in Paragraph 183.  Defendant Maheswaran admits that the Company filed a Form 10-K/A with the SEC on March 29, 2007.  To the extent the allegations contained in Paragraph 183 refer to statements contained in that Form 10-K/A, that publicly filed document is the best evidence of its contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 183.

184.   Paragraph 184 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to Lead Plaintiff's pre-complaint investigation of its claims and on that basis deny the allegations in Paragraph 184.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 184.

185.   Answering Defendants are without knowledge or information as to what "Confidential Witness No. 1's" ("CW1") responsibilities included or whether CW1 made the statements attributed to her, and on that basis deny the allegations in Paragraph 185.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 185.

186.   Answering Defendants are without knowledge or information as to whether CW1 made the statements attributed to her, and on that basis deny the allegations in Paragraph 186.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 186.

187.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions at the Company outside of their tenures there and on that basis deny those allegations in Paragraph 187.  Defendant Carlson further admits that the Company filed Forms 10-Q with the SEC on December 10, 2003, June 4, 2004, September 3, 2004, December 10, 2004, June 10, 2005, September 9, 2005 and Forms 10-K with the SEC on April 9, 2004 and April 15, 2005.  Defendant Maheswaran further admits that the Company filed a Form 10-K with the SEC on April 14, 2006.  To the extent the allegations in Paragraph 187 refer to statements contained in those Forms 10-Q and 10-K, those publicly filed documents are the best evidence of their contents.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 187.

188.   Answering Defendants are without knowledge or information sufficient to form a belief as to alleged actions at the Company outside of their tenures there and on that basis deny those allegations in Paragraph 188.  Answering Defendants are without knowledge or information sufficient to form a belief as to Defendant Poe signed Sarbanes-Oxley certifications, and on that basis deny those allegations in Paragraph 188.  Defendant Carlson further admits that he signed certifications on Forms 10-Q filed with the SEC on December 10, 2003, June 4,

2004, September 3, 2004, December 10, 2004, June 10, 2005, September 9, 2005 and Forms 10-K with the SEC on April 9, 2004 and April 15, 2005 and that he signed certifications on Forms 10-K on April 9, 2004 and April 15, 2005. Defendant Maheswaran admits that he signed a Form 10-K filed with the SEC on April 14, 2006.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 188.

189.   Paragraph 189 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 189.

190.   Paragraph 190 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 190.

191.   Answering Defendants are without knowledge or information sufficient to form a belief as to the trading motivations or histories of Defendants Poe, Franz or Baumann and on that basis deny the allegations of Paragraph 191. Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 191.

192.   Paragraph 192 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 192.

193.   Paragraph 193 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 193.

194.   Paragraph 194 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 194.

195.   Paragraph 195 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 195.

196.   Paragraph 196 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 196.

197.   Answering Defendants are without knowledge or information sufficient to form a belief as to whether or not Lead Plaintiff and members of the purported class purchased Semtech securities and on that basis deny the allegations contained in Paragraph 197.  Except as so expressly admitted, the Answering Defendants deny each and every other allegation contained in Paragraph 197.

198.   Paragraph 198 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 198.

199.   Paragraph 199 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Answering Defendants deny each and every allegation contained in Paragraph 199.

200.   Paragraph 200 asserts legal conclusions to which no response is required.  To the extent a response is deemed necessary, Answering Defendants deny each and every allegation contained in Paragraph 200.

201.   Answering Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

202.   This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 202.

203.   This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 203.

204. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 204.

205. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 205.

206. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 206.

207. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 207.

208. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 208.

209. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 209.

210. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 210.

211. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 211.

212. This claim has been dismissed as to Answering Defendants pursuant to the Court's order dated December 15, 2008, requiring no response to the allegations in Paragraph 212.

1   213.   Answering Defendants repeat and incorporate each and every response

2   contained above as if fully set forth herein.

3   214.   Paragraph 214 asserts legal conclusions to which no response is

4   required.  To the extent a response is deemed necessary, Answering Defendants

5   deny each and every allegation contained in Paragraph 214.

6   215.   Paragraph 215 asserts legal conclusions to which no response is

7   required.  To the extent a response is deemed necessary, Answering Defendants

8   deny each and every allegation contained in Paragraph 215.

9   216.   Paragraph 216 asserts legal conclusions to which no response is

10   required.  To the extent a response is deemed necessary, Answering Defendants

11   deny each and every allegation contained in Paragraph 216.

12   **ANSWER TO PRAYER FOR RELIEF**

13   Answering Defendants deny any basis exists to grant the relief requested by

14   Plaintiff.

15   **ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES**

16   Without undertaking any burden of proof not otherwise assigned to them by

17   law, Answering Defendants assert the following separate and affirmative defenses:

18   FIRST AFFIRMATIVE DEFENSE

19   (Failure to State a Claim)

20   Plaintiff's claims are barred in whole or in part because the Complaint, and

21   each and every purported claim for relief alleged therein, fails to allege facts

22   sufficient to state a claim upon which relief can be granted against Answering

23   Defendants.

24   SECOND AFFIRMATIVE DEFENSE

25   (Lack of Standing)

26   Plaintiff and members of the putative class lack standing to bring any claim

27   against Answering Defendants.

28

## THIRD AFFIRMATIVE DEFENSE

(No Injury)

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any cognizable injury.

## FOURTH AFFIRMATIVE DEFENSE

(Statements Not Material)

Plaintiff's claims are barred in whole or in part because any allegedly false or misleading statements or omissions attributable to Answering Defendants, which they deny, were not material.

## FIFTH AFFIRMATIVE DEFENSE

(Material Information Was Disclosed/Truth on the Market)

Plaintiff's claims are barred in whole or in part because any material information alleged to have been misrepresented or omitted by Answering Defendants was in fact disclosed in the Forms 10-Q and their amendments, Forms 10-K and their amendments, other SEC filings, press releases, proxy statements, Registration Statements, advertisements, and material incorporated therein or was otherwise publicly disclosed or available to Plaintiff and the market through credible sources.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the Complaint, and failed to comply with that duty, and, therefore, are barred from recovering any damages that might have been reasonably avoided.

## SEVENTH AFFIRMATIVE DEFENSE

(Assumption of Investment Risk)

Plaintiff's claims are barred in whole or in part because Plaintiff is not

1  entitled to recover from Answering Defendants because Plaintiff knew or should

2  have known the risk associated with its securities investment, including but not

3  limited to the stock market and other business factors, and assumed those risks

4  when it purchased stock.

### EIGHTH AFFIRMATIVE DEFENSE

(No Duty to Disclose and/or Update)

7  Plaintiff's claims are barred in whole or in part, to the extent Plaintiff's

8  claims are based on Answering Defendants' omission(s) of purported material

9  information, because Answering Defendants had no duty disclose or update the

10  information.

### NINTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

13  Plaintiff's claims are barred in whole or in part because no act or omission by

14  Answering Defendants individually or as a group was the cause in fact or the

15  proximate cause of any damage alleged by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

(Lack of Loss Causation)

18  Plaintiff's claims are barred in whole or in part because of a lack of loss

19  causation, *i.e.*, the depreciation in the market price of Semtech stock purchased by

20  or exchanged for by Plaintiff, and other purported class members, resulted from

21  factors other than the alleged misstatements and omissions alleged in the

22  Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Transaction Causation/Reliance)

25  Plaintiff's claims are barred in whole or in part because Plaintiff did not rely

26  on purported market price of Semtech's stock in making investment decisions, and

27  the market price of Semtech's stock was not inflated as a result of any alleged

28  representation or omission made by Answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Actual or Constructive Knowledge)

Plaintiff's claims are barred in whole or in part because at the time each acquired the securities at issue Plaintiff knew or reasonably should have known and/or learned of the acts and omissions complained of, therefore assuming the risk of any alleged damages proximately caused thereby.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Answering Defendants, and were not the result of any act or omission on the part of Answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Due Diligence)

Plaintiff's claims are barred in whole or in part because Answering Defendants, after reasonable investigation and due diligence, did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe at that time, that any misstatement or omission of material fact existed in the Forms 10-K, Forms 10-Q, press releases, any other SEC filings, or any oral presentation made in connection with Semtech allegedly supporting Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Plaintiff's claims are barred in whole or in part because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the alleged liability of each of Answering Defendants is asserted, were contained or were made in the context of sufficient

1  cautionary language or risk disclosure to be non-actionable under the "bespeaks
2  caution" doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Safe Harbor)

5  Plaintiff's claims are barred in whole or in part because any alleged
6  statements of material fact, alleged omissions of material fact, or other challenged
7  statements, with respect to which the alleged liability of Answering Defendants is
8  asserted, are non-actionable under the safe harbor provisions of the Private
9  Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-5.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Lack of a Controlled Party)

12  Plaintiff's control person claims, against Answering Defendants are barred in
13  whole or in part because Plaintiff has failed to establish the liability of any
14  controlled person which is a predicate for establishing any liability for a control
15  person claim.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Speculative Damages)

18  Plaintiff's claims are barred in whole or in part because the alleged damages,
19  if any, are speculative.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitations and Repose)

22  Plaintiff's claims are barred in whole or in part because the applicable statute
23  of limitations and/or the applicable statutes of repose, including, but not limited to,
24  28 U.S.C. § 1658(b).

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Waiver, Estoppel, Unclean Hands)

27  Plaintiff's claims are barred in whole or in part by the doctrines of waiver,
28  estoppel and/or unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Ratification of Actions)

Plaintiff's claims are barred in whole or in part because, and to the extent the alleged, transactions were ratified by Semtech's shareholders.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Proportionate Liability)

Based on their lack of actual knowledge concerning any alleged material misstatements or omissions, liability, if any, of Answering Defendants is limited to their proportionate liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that Plaintiff suffered damages in any amount, or that Answering Defendants are or should be liable for any such damages, Answering Defendants assert that their liability and any other responsible persons, named or unnamed, should be apportioned according to their relative degrees of fault, and any alleged liability of Answering Defendants reduced accordingly.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (90-Day Look Back and Damages)

Without admitting that Plaintiff suffered damages, or that Answering Defendants are or should be liable for any such damages, Answering Defendants assert that their liability and any other responsible persons, named or unnamed, should be limited to the difference between Plaintiff's purchase price of Semtech's stock and the mean of the trading price of Semtech stock during the 90-day period beginning on the date of any corrective disclosure or other information disseminated to the market which is the basis for Plaintiff's claims, and any alleged liability of Answering Defendants reduced accordingly, *see* 15 U.S.C. § 78u-4(e).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery for damages allegedly incurred by Plaintiff and members of the purported plaintiff class, if any, is subject to offset in the amount of any tax benefits or other benefits received by Plaintiff or members of the purported plaintiff class through their investments.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Every act or omission by the Answering Defendants alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith of Controlling Person)

Plaintiff's claims under Section 20(a) of the Securities Exchange Act of 1934 are barred in whole or in part as Answering Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Certain Claims Dismissed)

Plaintiff's claims under Section 10(b) of the Securities Exchange Act of 1934 are barred in whole as to Answering Defendants, as this Court dismissed those claims against Answering Defendants in its December 15, 2008 order.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Plaintiff's claims are barred in whole or in part against Answering Defendants because the conduct complained of in the Complaint was caused by the

1    acts or omissions of persons and/or entities other than Answering Defendants.

2    THIRTIETH AFFIRMATIVE DEFENSE

3    (Unjust Enrichment)

4    Plaintiff's claims are barred because recovery thereon would result in unjust

5    enrichment.

6    THIRTY-FIRST AFFIRMATIVE DEFENSE

7    (Relinquishment, Release and/or Abandonment)

8    Each cause of action is barred by the doctrine of relinquishment, release

9    and/or abandonment.

10    THIRTY-SECOND AFFIRMATIVE DEFENSE

11    (Justification)

12    Answering Defendants conduct was at all times in good faith, reasonable,

13    diligent, lawful, justified, and/or privileged under the circumstances by the rule of

14    justification.

15    THIRTY-THIRD AFFIRMATIVE DEFENSE

16    (Other Defenses)

17    Answering Defendants hereby reserve and assert all affirmative defenses

18    available under federal law and under any applicable state law.  Answering

19    Defendants presently have insufficient knowledge or information upon which to

20    form a belief as to whether they may have other, as yet unstated, affirmative

21    defenses available.  Therefore, Answering Defendants reserve the right to assert

22    additional affirmative defenses in the event that discovery indicates that it would be

23    appropriate.  Additionally, Answering Defendants adopt by reference any

24    applicable defense asserted by any other defendant not expressly set forth herein to

25    the extent they may share that defense.

26    **PRAYER FOR RELIEF**

27    WHEREFORE, Answering Defendants respectfully request that this Court:

28    1.    Enter judgment in favor of Answering Defendants, and each of them,

1    for each count of the Complaint in which they are named;

2         2.    Award Answering Defendants, and each of them, their costs and

3    expenses incurred in defending this action; and

4         3.    Grant Answering Defendants, and each of them, such other and further

5    relief as the Court deems just and proper.

6

7    DATED: February 19, 2009        CHRISTOPHER H. McGRATH
                                     KIMBERLEY A. DONOHUE
8                                    PAUL, HASTINGS, JANOFSKY
                                      & WALKER LLP
9

10

11                                   By:  /s/Christopher H. McGrath
                                           CHRISTOPHER H. McGRATH

12                                   4747 Executive Drive, 12th Floor
                                     San Diego, CA 92121
13                                   Telephone: (858) 458-3000
                                     Facsimile: (858) 458-3005
14
                                     THOMAS A. ZACCARO
15                                   PAUL, HASTINGS, JANOFSKY
                                      & WALKER LLP
16                                   515 South Flower Street, Twenty-Fifth Floor
                                     Los Angeles, CA 90071-2228
17                                   Telephone: (213) 683-6000
                                     Facsimile: (213) 627-0705
18
                                     EDWARD HAN
19                                   PAUL, HASTINGS, JANOFSKY
                                      & WALKER LLP
20                                   55 Second Street, Twenty-Fourth Floor
                                     San Francisco, CA 94105-3441
21                                   Telephone: (415) 856-7000
                                     Facsimile: (415) 856-7100
22
                                     Attorneys for Defendants
23                                   *Jason L. Carlson and Mohan R. Maheswaran*

24

25

26
     LEGAL_US_W # 61108587.1
27

28