UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | | Date | April 1, 2010 |
|---|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                                    Not Present

**Proceedings:**   **(In Chambers): PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY REQUESTED IN THE SUBPOENA ISSUED BY PLAINTIFF TO ERNST & YOUNG, LLP** (filed 1/25/10)

## I.     INTRODUCTION

On March 31, 2008, this Court consolidated related actions and appointed the Mississippi Public Employees' Retirement System as lead plaintiff for a class of purchasers of the securities of defendant Semtech Corp. ("Semtech"). On May 30, 2008, plaintiff filed a consolidated amended class action complaint ("CAC") against defendants Semtech, John D. Poe, Jason L. Carlson, Mohan R. Maheswaran, David G. Franz, Jr., and John M. Baumann. Plaintiff alleges that Semtech's senior officers engaged in a scheme to backdate Semtech's stock options, the discovery of which negatively impacted the price of Semtech's stock. CAC ¶¶ 3-10.

Specifically, plaintiff alleges claims for (1) violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Exchange Act") and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against all defendants; and (2) violation of § 20(a) of the Exchange Act against the individual defendants. Plaintiff alleges that the defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of Semtech's securities in an effort to maintain artificially high market prices for Semtech's securities. CAC ¶ 203.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

On January 25, 2010, plaintiff filed the instant motion for review of the January 11, 2010 order issued by Magistrate Judge Fernando M. Olguin (the "Magistrate Judge") denying plaintiff's motion to compel discovery requested in the subpoena issued by plaintiff to Ernst & Young LLP. On February 2, 2010, defendants filed an opposition. A reply was filed on February 8, 2010. A hearing was held on February 22, 2010, where the matter was taken under submission. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within ten days, and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Rule 72-2.1 of the Local Rules sets forth the same standard. See also 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In contrast, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. See, e.g., Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996). Thus, the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions. Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## III.   DISCUSSION

The instant dispute concerns whether defendants have waived the attorney-client privilege and work-product protection by producing protected documents to third parties. Lead plaintiff seeks review of the Magistrate Judge's order denying their motion to compel the production of reports prepared by two law firms in connection with activities underlying derivative litigation. Mot. at 7. Plaintiff argues that these materials are no longer protected by the attorney client or work product privileges because Semtech waived any privileges and protections: (1) when Semtech produced the reports to the Securities Exchange Commission ("SEC") and the United States Attorney's Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

("USAO"), and (2) when Semtech filed the reports in support of its motion to dismiss in the derivative action. Id. at 7-8.

    1.    **Production to the SEC and the USAO**

As part of its investigation into defendant's stock option practices, the SEC and USAO demanded that Semtech's Special Committee produce documents related to its internal investigation, including Fenwick and West LLP's work product.[1] Id. at 6. Before producing any documents, the Special Committee entered into confidentiality agreements with each agency, which "precluded disclosure to third parties except to the extent necessary for the two agencies to discharge their duties." Id. Thereafter, the Special Committee produced the Fenwick Report, the Fenwick interview memoranda, and compilations of selected underlying documents identified by Fenwick's attorneys. Id.

Plaintiff first argues that the Magistrate Judge's ruling was clearly erroneous and contrary to law because "it ignores the almost uniform rejection of selective waiver in federal law." Id. at 13-14. Plaintiff asserts that while the Ninth Circuit has not definitively spoken on the issue of selective waiver, "every [other] appellate court that has considered the issue in the last twenty-five years" has found that parties "cannot waive the attorney-client privilege selectively." Id. at 8 (quoting United States v. Reyes, 239 F.R.D. 591, 603 (N.D. Cal. 2006) (holding that parties surrendered whatever privileges may have attached to the subpoenaed materials when they shared their contents

---

[1] The Special Committee was a committee of independent directors appointed by the Semtech Board of Directors in July 2006, with authority to conduct an internal investigation into Semtech's stock option grant practices and related accounting issues. Magistrate Judge's Order at 2 ("Mag. Order"). Fenwick and West LLP was retained as outside counsel to assist in the investigation and provide legal advice. Id. Fenwick attorneys interviewed Semtech directors, employees, and consultants, and prepared memoranda describing the interviews. Id. Fenwick retained Navigant Consulting, Inc. to provide expert accounting advice and analysis. Id. The interview memoranda, Navigant's accounting analysis, and other investigative work product formed the basis for the report provided by Fenwick to the Special Committee ("the Fenwick Report"). Id.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

with the government)). Plaintiff asserts that federal law almost uniformly rejects selective waiver for corporate disclosures made to the government in connection with investigations. Id. (citing McMorgan & Co. v. First Cal. Mort. Co., 931 F. Supp. 703 (N.D. Cal. 1996); In re Syncor ERISA Litig., 229 F.R.D. 636, 647 (C.D. Cal. 2005); In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 302 (6th Cir. 2002)).

Defendants respond that plaintiff's arguments here are simply wrong and ignore the authority cited by the Magistrate Judge in his order. Opp'n at 10 (citing In re McKesson HBOC, Inc. Secs. Litig., 2005 WL 934331, at *9-10 (N.D. Cal. Mar. 31, 2005); Bergonzi, 403 F.3d at 1050; Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 611 (8th Cir. 1977); Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., 244 F.R.D. 412, 430, 433 (N.D. Ill. 2006); Cardinal Health, 2007 WL 495150, at *9). Defendants first respond that Semtech did not waive its privilege by producing the documents to the SEC and USAO because the Special Committee was effectively compelled to cooperate with the government's request, and an involuntary or compelled production does not waive the attorney-client privilege. Id. at 11 (citing Transamerica Computer Co., Inc. v. Int'l Bus. Mach. Corp., 573 F.2d 646, 650-52 (9th Cir. 1978)). Defendants argue that at the time of the Special Committee's production to the SEC and USAO, federal prosecutors evaluated a corporation's cooperation pursuant to the SEC's Seaboard Report and the DOJ's Thompson Memorandum, and that these guidelines effectively required corporations under investigation to demonstrate their cooperation by agreeing to produce relevant materials irrespective of privilege. Id. (citing Regents of the University of California v. Superior Court, 165 Cal. App. 4th 672 (Cal. Ct. App. 2008); United States v. Stein, 435 F. Supp. 2d 330, 336 (S.D. N.Y. 2006)).

Second, defendants respond that the Special Committee and the government shared a common interest sufficient to maintain the attorney-client and work product privilege. Id. at 14. Third, defendants respond that Semtech preserved the protections by entering into confidentiality agreements with the SEC and the USAO. Id. at 15. Defendants contend that the Ninth Circuit has recognized the possibility that a corporation can selectively waive the attorney-client privilege by "disclos[ing] the results of an internal investigation to an investigating government agency without waiving attorney client privilege or work product protection as to the outside world." Id. (citing Bergonzi, 403 F.3d at 1050). Defendants argue that this view is consistent with the strong public policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

considerations served by encouraging companies to cooperate with government investigations without having to choose between exercising good corporate citizenship and waiving privileges as to all future adversaries. Id. (citing In re Grand Jury Subpoena, 478 F. Supp. at 372-73; Saito v. McKesson HBOC, Inc., 2002 WL 31657622, at *10-11 (Del. Nov. 13, 2002)). Defendants further argue that several courts have upheld the selective waiver doctrine in the context of a confidentiality agreement between the parties, such as the agreements reached here between the Special Committee and the SEC and USAO. Id. at 16.

While the Ninth Circuit has yet to decide whether the doctrine of selective waiver applies in this circuit, see United States v. Bergonzi, 403 F.3d 1048, 1050 (9th Cir. 2005) (noting that the law in the Ninth Circuit regarding selective waiver "is an open question"), and in this sense the Magistrate Judge's order cannot be said to be clearly erroneous, the question of whether the attorney-client privilege may be selectively waived is a matter for de novo review. In re Oracle Securities Litigation, 2005 U.S. Dist. LEXIS 46931 (N.D. Cal. Aug. 5, 2005), provides persuasive reasoning as to why the "selective waiver" of the attorney-client privilege is inappropriate. Moreover, the great weight of authority in other circuits leads to the conclusion that once the holder of the privilege discloses privileged communications to a third party who is not within the ambit of the privilege, the privilege is waived. As noted by the court in Oracle, relying on the Third Circuit's opinion in Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1423-27 (3d Cir. 1991),

> The Third Circuit first noted that the purpose of the attorney-client privilege is to encourage open communication between attorneys and their clients as long as such communication is aimed at obtaining legal advice. However, when a client voluntarily discloses privileged communication to a third party, the privilege is waived. The court explained that allowing the holder of a privilege to disclose privileged communications to one person, while withholding that information from another person does not encourage open communication with an attorney for the purpose of obtaining legal advice. Rejecting the holding of Diversified, the court stated that encouraging corporations to [be] "cooperative with federal investigative agencies [is] beyond the intended purposes of the attorney-client privilege.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

2005 U.S. Dist. LEXIS 46931, at *25 (internal citations and quotations omitted); see also Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). For these reasons, the Court finds that disclosure of the Fenwick Report to the SEC and USAO, even if viewed as compelled, waived the attorney-client privilege as to the Fenwick Report.

    **2.**     **Production to the Derivative Plaintiffs**

On July 17, 2007, Semtech filed a motion to dismiss or in the alternative for summary judgment ("motion to terminate") in the consolidated derivative litigation, In re Semtech Corp. Derivative Litig., Case No. CV 06-3510, which was pending in this Court. Id. at 9. In connection with filing this motion, Semtech filed the Morrison Report and certain exhibits, including a portion of the Fenwick Report and excerpts from certain Fenwick interview memoranda. Id. These materials were filed under seal and pursuant to a protective order. Id. However, the motion to terminate was taken off calendar before it was heard, and the case was subsequently settled. Id. at 11. Thus, it was never ruled on by the Court.[2] Id.

Plaintiff first argues that the Magistrate Judge misapplied the law regarding the sealing of documents in contravention of clear Ninth Circuit precedent requiring the production of materials despite the fact that the materials were filed under seal. Mot. at 17 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003) (holding waiver even though documents filed under seal); In re Oracle Sec. Litig., 2005

---

[2] In October 2006, the Semtech Board of Directors established a committee of disinterested directors to assess the claims in the shareholder derivative actions ("Special Litigation Committee"). Id. at 2-3. The Special Litigation Committee retained Morrison & Foerster LLP ("Morrison") to conduct an investigation and prepare findings. Id. at 3. Morrison's investigation included a review of the Fenwick Report, along with Fenwick's interview memoranda and other materials prepared by Fenwick and Navigant. Id. In addition, Morrison conducted its own interviews of current and former Semtech employees and directors, collected and reviewed documents relevant to the shareholder derivative suits, and performed legal analysis concerning the derivative claims. Id. In March 2007, Morrison prepared a report of its investigation ("Morrison Report"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

U.S. Dist. LEXIS 46931, at *33-34)). Plaintiff argues that by including the materials in a motion to terminate the litigation, Semtech necessarily provided the materials to the derivative plaintiffs and their counsel. Id. at 18. Plaintiff asserts that having used these materials affirmatively in seeking to dismiss the derivative litigation, Semtech should not seek refuge in a privilege to hide production in this case. Id.

     Second, plaintiff argues that the Magistrate Judge erred by holding that Semtech's motion to terminate did not constitute a dispositive motion, because it was a motion designed to result in the dismissal of claims against several defendants. Id. Plaintiff argues that the Magistrate Judge's ruling misconstrues the holding in Foltz, 331 F.3d at 1136, by deciding that a motion to terminate only becomes dispositive once it has been ruled upon. Id. at 18-19. Plaintiff asserts that the Magistrate Judge's ruling was clearly erroneous, considering that the Ninth Circuit in Foltz held a motion for summary judgment to be dispositive even though it was never ruled upon. Id. at 20.

     Third, plaintiff argues that the Magistrate Judge erred by ruling that Semtech's waiver would require more than the filing of reports with Semtech's motion to terminate. Id. Plaintiff asserts that waiver of attorney client and work product privileges occurs when the dispositive motion is filed. Id. (citing Joy, 692 F.2d at 893 ("[I]f the special litigation committee recommends termination and a motion for judgment follows, the committee must disclose to the court and the parties not only its report but all underlying data. To the extent that communications arguably protected by the attorney-client privilege may be involved with that data, a motion for judgment based on the report waives the privilege."); Zitin v. Turley, 1991 U.S. Dist. LEXIS 10084, at *15); In re Oracle Sec. Litig., 2005 U.S. Dist. LEXIS 46931, at *33-34 ("Allowing Defendants to disclose privileged communications to these derivative plaintiffs, while withholding that information from the instant Plaintiffs does nothing to encourage open communication with an attorney for the purpose of obtaining legal advice. . . . Thus, based on this action alone, Oracle waived any attorney-client privilege over the SLC report and the supporting memoranda, allowing Plaintiffs in the instant suit to discover them.")).

     Defendants respond that the Magistrate Judge correctly ruled that filing protected materials under seal did not constitute a waiver, because doing so maintains the confidentiality of the documents. Opp'n at 17-18 (citing Perrigo, 128 F.3d at 440-41; Abercrombie, 2008 WL 1844357, at *4-5; In re Oracle Sec. Litig., 2005 U.S. Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

LEXIS 46931). Defendants argue that each of the cases cited by plaintiff required something more, such as a ruling from the Court on the dispositive motion or voluntary disclosure of the materials to third parties without efforts to maintain them in confidence. Id. at 18. Defendants further respond that plaintiffs' argument—that the public has a right of access to materials submitted in connection with a dispositive motion—has no application here because the motion did not prove to be dispositive and the public policy consideration never materialized in the derivative case. Id. at 19 (citing Foltz, 331 F.3d at 1135 (holding that the presumption in favor of public access is rebutted if the motion is non-dispositive)).

While the Court finds that the motion to terminate is a dispositive motion, see Foltz, 331 F.3d at 1135-36, the Magistrate Judge's conclusions regarding waiver are neither contrary to law nor clearly erroneous. The Magistrate Judge correctly found that "[t]he cases finding waiver require something more than simply attaching a Special Litigation Committee report to a motion to terminate." Mag. Order at 11-12 (citing Joy, 692 F.2d at 884 & 893-94 (finding waiver where protected documents were attached to summary judgment motion, which was ruled on by the court); Oracle, 2005 U.S. Dist. LEXIS at *32-36 (finding waiver where company filed protected documents in support of dispositive motion, voluntarily disclosed documents to plaintiffs in other actions, and allowed reference to contents of documents in open court without objection or moving to seal); Zitin, 1991 WL 283814, at *1 & *5; In re Cont'l Ill. Sec Litig., 732 F.2d 1302, 1314-16 (7th Cir. 1984)). He proceeded to consider balancing factors, including that the report had not been the subject of oral argument, and that there had been no ruling on the motion to terminate. Accordingly, the Court declines to overturn the Magistrate Judge's ruling on this issue, and finds that the Morrison Report is nonetheless protected.

## IV. CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part plaintiff's motion. The Court reverses the Magistrate Judge's ruling regarding application of the selective waiver doctrine to the materials turned over by Semtech to the SEC and USAO, but affirms his ruling regarding Semtech's attachment of materials to its motion to terminate.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7114 CAS (FMOx) | Date | April 1, 2010 |
|---|---|---|---|
| Title | MIDDLESEX COUNTY RETIREMENT SYSTEM; ET AL. v. SEMTECH CORP.; ET AL. | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |