JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

IN RE SEMTECH CORPORATION SECURITIES LITIGATION

CASE NO. 2:07-cv-07114-CAS (FMOx)

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 11, 2011, on the application of the parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated as of March 7, 2011 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. On August 27, 2010, the Court granted a motion to certify a class of plaintiffs, consisting of any Person who purchased or otherwise acquired Semtech securities between August 27, 2002 and July 19, 2006, inclusive. Excluded from the class are Defendants, the officers and directors of Semtech during all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any Semtech employee who acquired Semtech securities through exercise of stock options.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable, and adequate to the Class.

5. Except as to any individual claim of those Persons who validly and timely requested exclusion from the Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the

Litigation and all claims contained therein, including the Released Claims, against each and all of the Released Persons.

6. The Court finds that the Stipulation and the settlement are fair, just, reasonable, and adequate as to each of the Class Members, and that the Stipulation and the Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date hereof, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release. Accordingly, the Lead Plaintiff and each of the Class Members are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any capacity, any and all of the Released Claims against the Released Persons. Notwithstanding, nothing herein is meant to bar any claims relating to performance or enforcement of the Stipulation or the Settlement.

8. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and Class Counsel from all claims (including Unknown Claims), arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims. Notwithstanding, nothing herein is meant to bar any claims relating to performance or enforcement of the Stipulation or the Settlement.

9. "Class" means all Persons who either purchased or otherwise acquired Semtech securities between August 27, 2002 and July 19, 2006, inclusive. Excluded from the Class are Semtech Corporation, the Individual Defendants and

members of their immediate families, any entity in which Semtech has or had a controlling interest, directors and officers of Semtech, and the legal representatives, heirs, successors, or assigns of any such excluded Person. Those Persons who timely and validly request exclusion from the Class pursuant to the "Notice of Pendency and Settlement of Class Action" to be sent to potential Class Members are also excluded from the Class.

10. The Notice of Pendency and Settlement of Class Action provided to the Class constituted the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, and the requirements of due process.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) any fault or omission of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. Any plan of allocation submitted by Class Counsel or any order entered regarding the attorneys' fee and expense application in this Litigation or appeal therefrom shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purposes of construing, enforcing, and administering the Stipulation.

15. As set forth in the Stipulation, the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to any act, omission or determination of the Escrow Agent, Claims Administrator or Class Counsel or any agent or designee thereof in connection with the administration of the settlement or distribution of the settlement proceeds.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: June 27, 2011

_____
UNITED STATES DISTRICT JUDGE

Submitted by:         CARNEY WILLIAMS BATES
    BOZEMAN & PULLIAM, PLLC

BY:   /s/
J. ALLEN CARNEY
RANDALL PULLIAM
CARNEY WILLIAMS BATES
    BOZEMAN & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
P.O. Box 25438
Little Rock, AR 72212
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

*Co-Lead Counsel for Lead Plaintiff and the Class*

BARON & BUDD, P.C.

BY:   /s/
BURTON LEBLANC
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

*Co-Lead Counsel for Lead Plaintiff and the Class*

[Proposed] Final Judgment and Order of Dismissal With Prejudice

PAUL, HASTINGS, JANOFSKY & WALKER, LLP

BY: /s/
MORGAN J. MILLER
KIMBERLY A. DONAHUE
4747 Executive Drive, 12th Floor
San Diego, California 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

THOMAS A. ZACCARO
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

*Counsel for Defendants Semtech Corporation, Mohan R. Maheswaran and Jason L. Carlson*

K&L GATES

BY: /s/
MICHAEL QUINN
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

*Counsel for Defendant John M. Baumann*

DLA PIPER LLP (US)

BY: /s/
ROBERT W. BROWNLIE
JENNIFER MARIE FELDMAN
401 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 699-3665
Facsimile: (619) 699-2701

*Counsel for Defendant David G. Franz, Jr.*

[Proposed] Final Judgment and Order of Dismissal With Prejudice

MORGAN, LEWIS & BOCKIUS LLP

BY:  /s/
ROBERT E. GOODING, JR.
5 Park Plaza, Suite 1750
Irvine, California 92614
Telephone: (949) 399-7000
Facsimile: (949) 399-7001

*Counsel for Defendant John D. Poe*

[Proposed] Final Judgment and Order of Dismissal With Prejudice